OPINION
{¶ 1} Defendant-appellant Terri Helman appeals her conviction from the Columbiana County Municipal Court, Northwest Division, of assault, a violation of R.C. 2903.13, and criminal trespass, a violation of R.C. 2911.21. The issues here are whether the verdicts are against the manifest weight of the evidence and against the sufficiency of the evidence. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS {¶ 2} On December 14, 2002, appellant received a phone call from her daughter's (Brooke Ross) mother-in-law (Charlene Farmer). (Tr. 127). Brooke and her husband, Jason Ross, were in the process of divorcing. Farmer threatened appellant, saying she and her son (Jason) would try to take custody of Brooke's three children away from her. After that call, appellant went to Brooke's apartment to warn her of this threat. (Tr. 130-31). At trial, there was conflicting evidence of what took place at Brooke's apartment.
 {¶ 3} Brooke and Robert McCoy (Jason's cousin) testified essentially to the same version of events. Their version of events is as follows. Appellant went to Brooke's house to inform Brooke that she was going to try to get custody of Brooke's children because she wanted to see them more. (Tr. 62, 91). This conversation lead to a verbal altercation, encompassing shouting and cursing, between appellant and Brooke. (Tr. 64, 95-96). During this argument, Brooke, McCoy, and Justin Ross (Jason's brother who was living in Brooke's apartment at the time of the incident) all asked appellant to leave Brooke's apartment. (Tr. 64, 94). More specifically, Brooke asked appellant to leave at least three times. (Tr. 65, 94). Appellant began to leave, and got nearly out of the door when she turned around and re-entered the apartment. (Tr. 65, 96). When appellant came back in, she pushed her daughter away, leaving red marks on her neck. (Tr. 66, 96). Appellant then grabbed Justin around the neck with both hands leaving bloody scratches on his neck. (Tr. 66-67, 98). Justin managed to restrain her and hold her down on the couch to keep her from attacking him (appellant is larger in stature while Justin is slight in stature). (Tr. 69, 98). McCoy called the police and they arrived shortly thereafter. (Tr. 69-71).
 {¶ 4} Appellant's testimony differed from the above version of events. She claims that she and Brooke got into a verbal altercation, and when she was insulted by Justin, she began to leave. (Tr. 134-35). Before she reached the door, Justin slammed her against the screen and held her arms behind her back. (Tr. 136). Justin received the scratches as a result of her acting in self-defense. (Tr. 136). Appellant testified that she was never asked to leave, never pushed her daughter, and never attacked Justin. (Tr. 141-42).
 {¶ 5} As a result of statements taken by the police from Justin, McCoy, and Brooke, appellant was charged with assault and criminal trespass. At trial on August 19, 2003, a jury found appellant guilty on both counts. The trial court sentenced appellant to 120 days in jail, 85 days were suspended, and a $250 fine. Also, appellant was ordered to perform thirty hours of community service and attend anger management counseling. Appellant timely appealed her conviction raising three assignments of error.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 6} Appellant's first assignment of error contends:
 {¶ 7} "The conviction of appellant upon a charge of criminal trespass in violation of Ohio Revised Code 2911.21 was against the manifest weight of the evidence."
 {¶ 8} When determining whether a verdict is against the manifest weight of the evidence, the appellate court must review the entire record, weigh the evidence and all reasonable inferences, and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins (1997),78 Ohio St.3d 380, 387, 1997-Ohio-52, citing State v. Martin
(1983), 20 Ohio App.3d 172, 175. "Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. * * * Weight is not a question of mathematics, but depends on its effect in inducing belief." Id.
 {¶ 9} The test a reviewing court follows is that it sits as a "thirteenth juror" and determines whether, considering all the evidence, the state met its burden of persuasion and the conclusion reached by the trier of facts is supported by the inclination of the greater amount of the evidence. State v.Fullerman, 7th Dist. No. 99CA314, 2001-Ohio-3969, citingThompkins, 78 Ohio St.3d at 387. When making a decision on manifest weight of the evidence, the appellate court is not required to view the evidence in a light most favorable to the prosecution, but may consider all of the evidence produced at trial. Id. at 390. This discretion to grant a new trial, however, should only be exercised in an exceptional case in which the evidence weighs heavily against the conviction. Id. at 387. In order to reverse a conviction from a trial by jury, a unanimous concurrence of all three appellate judges is required. Id. at 389.
 {¶ 10} Appellant was convicted of criminal trespass under R.C. 2911.21, a fourth-degree misdemeanor. Under this statute, no person, without privilege to do so, shall knowingly enter or remain on the land or premises of another. R.C. 2911.21 (A)(1). If the complainant asked the guest to leave, had the authority to ask the guest to leave, and the guest did not immediately leave the premises, then the guest was trespassing. State v. Todd
(Sept. 17, 2001), 12th Dist. No. CA2001-04-0929. Evidence that a guest was asked to leave the premises repeatedly and failed to make an effort to do so supports a conviction for criminal trespass. Steubenville v. Johnston (Aug. 7, 1997), 7th Dist. No. 96JE17.
 {¶ 11} Appellant contends that she was invited into Brooke's home, and that she left the premises as soon as she was able to do so. (Tr. 130, 139). This evidence, if believed, would not support a conviction for criminal trespass. However, Brooke and McCoy testified that Brooke repeatedly asked appellant to leave the apartment. (Tr. 65, 94). This evidence, if believed, would support a conviction for criminal trespass. Thus, the conflicting testimony presents a credibility question.
 {¶ 12} The trier of facts is best able to view witnesses and observe their demeanor, gestures, and voice inflictions, using these observations in weighing the credibility of testimony.Seasons Coal Company, Inc. v. City of Cleveland (1984),10 Ohio St.3d 77, 80. A jury is free to believe all, part, or none of the testimony of each witness who appeared before them. State v.Long (1998), 127 Ohio App.3d 328, 335. Therefore, if the evidence is susceptible of more than one interpretation, the appellate court is bound to interpret it consistently with the verdict and judgment. Id.
 {¶ 13} As shown above, this evidence is susceptible of more than one interpretation. The jury was in the best position to judge credibility of witnesses and weigh testimony given by appellant, Brooke, and McCoy. The jury verdict indicates that the jury found Brooke and McCoy more believable than appellant. Thus, given our standard of review, we must give deference to the jury's finding. The first assignment of error is not well taken.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 14} Appellant's second assignment of error provides:
 {¶ 15} "The conviction of appellant upon a charge of assault in violation of Ohio Revised Code 2903.13 was against the manifest weight of the evidence."
 {¶ 16} Next, appellant argues that her conviction for assault was against the manifest weight of the evidence. Under this statute, no person shall knowingly cause or attempt to cause physical harm to another or to another's unborn. R.C. 2903.13(A). As explained above, under a manifest weight of the evidence argument, we review the trial court's record to determine whether the jury clearly lost its way and created a manifest miscarriage of justice. Thompkins, 78 Ohio St.3d at 387.
 {¶ 17} First, appellant argues that the verdict is against the manifest weight of the evidence because the evidence shows she acted in self-defense. The trial court instructed the jury on self-defense. However, despite the instruction, the jury found appellant guilty of assault.
 {¶ 18} Self-defense is an affirmative defense and must be proven by a preponderance of the evidence. R.C. 2901.05(A);State v. Williford (1990), 49 Ohio St.3d 247, 249. In order to prove self-defense, the following elements must be shown: (1) the defendant must not have been at fault in creating the violent situation; (2) the defendant must have had a bona fide belief that she was in imminent danger of death or great bodily harm; and (3) that her only means of escape was the use of force, and the defendant must retreat or avoid danger if at all possible.State v. Thomas (1997), 77 Ohio St.3d 323, 326, 1997-Ohio-269. Generally, the aggressor or instigator of a fight cannot rely on self-defense. State v. Davis (1982), 8 Ohio App.3d 205, 208.
 {¶ 19} Appellant testified at trial that she scratched Justin in self-defense when he body-slammed her into the door. (Tr. 136). Brooke and McCoy testified that appellant grabbed Justin by the neck with both hands without physical provocation. (Tr. 66, 98). This evidence could lead the jury in two directions: that appellant was the aggressor and not entitled to the defense, or that appellant was attacked and was entitled to the defense. As mentioned above, the jury is given great deference in determining whether or not to believe testimony. Seasons Coal,10 Ohio St.3d at 80. Thus, given the evidence, the jury could have concluded that appellant failed the first prong of self-defense based on the testimony that she was the one who created the violent situation in the first place. Consequently, this argument fails.
 {¶ 20} Next, appellant argues that she was denied the right to confront the complaining witness. Justin was the complaining witness who pressed charges on appellant for assaulting him. (Tr. 119). However, he was not present at trial and therefore, he did not testify against appellant.
 {¶ 21} The right to confront a complaining witness is constitutionally guaranteed to the accused. Sixth Amendment to the United States Constitution; Section 10, Article I, Ohio Constitution. A defendant's right to confrontation is against all witness who testify against him at trial. State v. Mayes (May 24, 1979), 8th Dist. No. 38929 (finding that the right to confrontation was not denied when one of the two victims could not testify at trial because of that victim's unavailability). There is no requirement that a victim testify at trial. Cases can be proven through other witnesses, evidence, circumstances, and inferences. Id. If the prosecution can prove the charged offenses with other witnesses and evidence, then the prosecution may go forward without violating the confrontation clause. Id. Thus, appellant was not denied her constitutional right to confront witnesses.
 {¶ 22} Lastly, appellant argues that Brooke and McCoy's stories were inconsistent with each other, and thus the jury could not rely on that testimony to find her guilty. A defendant is not entitled to a reversal on manifest weight grounds merely because evidence and testimony at trial were inconsistent in some respects. State v. Cook, 10th Dist. Nos. 02AP-896, 02AP-897, 2003-Ohio-2483. A jury has the ability to resolve or discount inconsistencies accordingly. Id., citing State v. DeHass
(1967), 10 Ohio St.2d 230. Although a witness' testimony may conflict with prior statements, it should at least be left to the jury to determine where the truth lies from conflicting statements. State v. Lakes (1964), 120 Ohio App. 213, 217. A jury is free to believe all, part, or none of the testimony of each witness who appeared before them. Long,127 Ohio App.3d at 335. As such, given the above, this argument lacks merit.
 {¶ 23} The state has met its burden of persuasion; the greater amount of credible evidence supports the finding that appellant knowingly caused harm or attempted to cause harm to Justin. Therefore, this assignment of error is without merit.
 ASSIGNMENT OF ERROR NUMBER THREE {¶ 24} Appellant's third assignment of error provides:
 {¶ 25} "The trial court erred in not requiring the state to prove defendant's guilt beyond a reasonable doubt as to each and every allegation of the offense."
 {¶ 26} Under this assignment of error, we construed appellant's argument to be a sufficiency of the evidence argument. Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. Thompkins, 78 Ohio St. 3d at 386. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, 261 (reversed on other grounds). The verdict will not be disturbed unless reasonable minds could not reach the conclusion reached by the trier of fact. Id. at 273. Sufficiency is a test of adequacy. Thompkins, 78 Ohio St.3d at 386.
 Criminal Trespass {¶ 27} Appellant first contends that there was not sufficient evidence to convict her for criminal trespass because Brooke never told her to leave and because Brooke testified that appellant did leave her apartment. As mentioned above, the criminal trespass statute sets forth that no person, without privilege to do so, shall knowingly enter or remain on the land or premises of another. R.C. 2911.21(A)(1).
 {¶ 28} The contention that appellant was never told to leave is in dispute. Although appellant testified that she never heard a request for her to leave made by anyone, especially Brooke, Brooke and McCoy gave a different account. (Tr. 64, 94, 141). They both stated at trial that Brooke, the owner of the premises, asked appellant to leave numerous times. (Tr. 64, 94). Regardless of appellant's testimony, the state has met its burden of production for this argument, since it presented evidence and testimony that, if believed, supports a conviction for criminal trespass. Fullerman, 7th Dist. No. 99CA314.
 Assault {¶ 29} Next, appellant contends that the record does not reflect an assault. As mentioned above, assault is knowingly causing or attempting to cause physical harm to another or to another's unborn. R.C. 2903.13(A).
 {¶ 30} In order to prevail on the sufficiency argument, appellant must prove that the state did not provide evidence beyond a reasonable doubt to support each element of assault. The state called Brooke and McCoy as witnesses to testify as to the events surrounding Justin's assault. Both witnesses testified that appellant attacked Justin, putting both of her hands around his neck and scratching him. (Tr. 66, 98). If the jury believes this testimony, it supports a conviction for assault, since this shows that appellant knowingly caused Justin physical harm.
 {¶ 31} In regards to all of the testimony and evidence presented, sufficient evidence was presented at trial where reasonable minds could have differed as to appellant's guilt. Therefore, when viewed in a light most favorable to the prosecution, the state provided sufficient evidence so that any rational trier of fact could have found appellant guilty beyond a reasonable doubt of assault. Appellant's third assignment of error is without merit.
 {¶ 32} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, P.J., concurs.
Donofrio, J., concurs.