OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Kenneth Patterson, appeals a decision of the Mahoning County Court of Common Pleas finding him guilty of felonious assault in violation of R.C.2903.11(A)(1)(D). Patterson argues that the jury's verdict was against the manifest weight of the evidence.
 {¶ 2} Patterson's argument is meritless. Both he and the prosecution offered competent, credible evidence as to the events surrounding the alleged assault. Ultimately, the jury believed the State's version of the events. Because there is competent and credible evidence supporting the jury's verdict, the trial court's decision is affirmed.
 Facts {¶ 3} On May 20, 2004, a group of Youngstown police officers responded to a call reporting a fight between a male and a female at 71 West Delason Avenue in Youngstown, Ohio. Upon arriving on the scene, the officers found an injured Dynishea Weathers. She was taken to St. Elizabeth's Medical Center, where she was treated for multiple bruises and a lacerated liver. Weathers reported that Patterson caused her injuries when beating her, so he was arrested and charged with felonious assault and abduction. The abduction charges were dropped prior to trial.
 {¶ 4} The matter proceeded to a jury trial, where Patterson argued that he inflicted Weathers' injuries in self-defense. The jury found Patterson guilty and the trial court sentenced him to seven years imprisonment.
 Standard of Review {¶ 5} Patterson's sole assignment of error argues:
 {¶ 6} "Appellant was denied due process under the Fourteenth Amendment due to the fact that his conviction was against the manifest weight of the evidence and the jury's verdict was inconsistent with the evidence and testimony presented at trial."
 {¶ 7} Patterson concedes that he caused physical harm to Weathers, but contends that the harm he caused was not serious physical harm. He further contends that the jury's verdict is against the manifest weight of the evidence since he proved that he acted in self-defense.
 {¶ 8} When determining whether a verdict is against the manifest weight of the evidence, the appellate court must review the entire record, weigh the evidence and all reasonable inferences, and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-0052. "Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. * * * Weight is not a question of mathematics, but depends on its effect in inducing belief." Id. at 175.
 {¶ 9} The test a reviewing court follows is that it sits as a "thirteenth juror" and determines whether, considering all the evidence, the State met its burden of persuasion and the conclusion reached by the trier of facts is supported by the inclination of the greater amount of the evidence. State v. Fullerman, 7th Dist. No. 99CA314, citingThompkins. When making a decision on manifest weight of the evidence, the appellate court is not required to view the evidence in a light most favorable to the prosecution, but may consider all of the evidence produced at trial. Id. at 390. This discretion to grant a new trial, however, should only be exercised in an exceptional case in which the evidence weighs heavily against the conviction. Id. at 387. In order to reverse a conviction from a trial by jury, a unanimous concurrence of all three appellate judges is required. Id. at 389.
 Felonious Assault {¶ 10} Patterson was convicted of felonious assault in violation of R.C. 2903.11(A)(1). That statute defines felonious assault as "knowingly * * * [c]aus[ing] serious physical harm to another or to another's unborn." Id. This particular definition of felonious assault must be distinguished from that defined under R.C. 2903.11(A)(2) which defined the offense as "knowingly * * * [c]aus[ing] or attempt[ing] to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance." To commit an offense under R.C.2903.11(A)(1), a defendant must actually commit serious physical harm to another person or to another's unborn. Proof of an attempt to cause serious physical harm or proof of non-serious physical harm is not proof of this offense.
 {¶ 11} The Revised Code defines many of these elements. A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). "The test for determining whether a defendant acted knowingly is a subjective one, based on the knowledge, beliefs and circumstances of the individual defendant." State v. McCleod, 7th Dist. No. 00 JE 8, 2001-Ohio-3480.
 {¶ 12} In this case, the evidence established that Patterson, who was much larger than Weathers, kicked and stomped her. She was then taken to the hospital, where she was treated for multiple bruises and a lacerated liver. Weathers testified that her injuries were all a result of Patterson's actions. A doctor from the hospital testified that her injuries were consistent with an assault. So, while Patterson testified that he did not kick Weathers in the stomach, the evidence clearly supports the jury's conclusion that Patterson knowingly harmed Weathers.
 {¶ 13} We next turn to Patterson's more specific challenge on appeal: the jury's finding that Patterson caused serious physical harm. The phrase "serious physical harm to persons" has many alternate meanings in the Revised Code. It can mean any of the following:
 {¶ 14} "(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 {¶ 15} "(b) Any physical harm that carries a substantial risk of death;
 {¶ 16} "(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 {¶ 17} "(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
 {¶ 18} "(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain." R.C. 2901.01(A)(5).
 {¶ 19} These various definitions cover a broad range of injuries, but courts have recognized that if "`injuries to the victim are serious enough to cause him or her to seek medical treatment, a jury may reasonably infer that the force exerted on the victim caused serious physical harm as defined by R.C. 2901.01(A)(5).'" State v. Jones, 8th Dist. No. 80841, 2002-Ohio-6635, at ¶ 16, quoting State v. Wilson
(Sept. 21, 2000), 8th Dist. No. 77115.
 {¶ 20} In this case, the officers who first arrived on the scene testified that Weathers appeared to be in great pain when they first encountered her. She was rolling around on the ground screaming incoherently. Weathers was suffering from a black eye, a bruised thigh, bruised arms, bruised ribs, and a lacerated liver when she was admitted to the hospital. She was then kept in the hospital for observation for five days. While in the hospital, she was in too much pain to make a written statement. These facts show that the jury did not lose its way when it found that Patterson committed each of the elements of felonious assault.
 Self-Defense {¶ 21} At trial, Patterson claimed that he was acting in self-defense. Self-defense is an affirmative defense and the defendant must prove it by a preponderance of the evidence. R.C. 2901.05(A); Statev. Williford (1990), 49 Ohio St.3d 247, 249. In order to prove self-defense, the defendant must prove 1) that he was not at fault in creating the violent situation; 2) that he had a bona fide belief that he was in imminent danger of death or great bodily harm; and, 3) that his only means of escape was the use of force. State v. Thomas (1997),77 Ohio St.3d 323, 326. A defendant claiming self-defense must also prove that he retreated or avoided danger if at all possible. Id. Generally, the aggressor or instigator of a fight cannot rely on self-defense. Statev. Davis (1982), 8 Ohio App.3d 205, 208.
 {¶ 22} In this case, the evidence regarding the elements of self-defense conflicted. Weathers testified that, after a day of drinking, Patterson beat her when the two had an argument. Alternatively, Patterson testified that, after a day of drinking, he hit the victim in self-defense. Generally, when such a conflict exists, we defer to the fact-finder's conclusion. See State v. Helmlan, 7th Dist. No. 03 CO 55, 2004-Ohio-4867 (Jury's conclusion that defendant did not act in self-defense is not against the manifest weight of the evidence if the evidence introduced at trial conflicts).
 {¶ 23} Patterson argues that the testimony Weathers provided was not credible since it was vague, uncertain, conflicting and fragmentary. In particular, he points to the fact that her testimony is short and contains a lot of gaps. For instance, Weathers could not remember how the fight started. Patterson contrasts that testimony with the testimony he provided, which was complete and stood up to the State's cross examination. But while we agree with Patterson's assertion that Weathers' testimony is not as clear and complete as it could be, there are also strong reasons to doubt the credibility of his testimony since it is, after all, self-serving. In these kinds of cases, we will leave the job of balancing the testimony to the trier of fact, the jury. We cannot say that its conclusion is against the manifest weight of the evidence in this case.
 Conclusion {¶ 24} In order to reverse a conviction because it is against the manifest weight of the evidence, we must look at the entire record to determine whether the jury clearly lost its way and created a manifest miscarriage of justice. In this case, the conclusion reached by the trier of facts is supported by the inclination of the greater amount of the evidence. The competent, credible evidence introduced at trial supports the jury's conclusion that Patterson knowingly inflicted serious physical harm to Weathers and that he did not inflict that harm in self-defense. Accordingly, the judgment of the trial court is affirmed.
Donofrio, P.J., concurs.
Vukovich, J., concurs.