By the Court.
 

 The Court of Appeals held that the trial court should have directed a verdict for the defendant because the state adduced no evidence tending to prove the requisite elements of the offense charged. Specifically, it was held that the four hundred and fifty-two page record discloses no evidence of the
 
 corpus delicti, no
 
 evidence that the defendant’s wife was murdered, no evidence connecting the defendant with the death of his wife, and no evidence of malice or intent.
 

 
 *109
 
 At the threshold of this discussion it should be noted that the state places its reliance upon circumstantial evidence. The question then is whether the state adduced any evidence which the jury could properly consider as consistent with no reasonable conclusion except the defendant’s guilt.
 

 A careful study of the record discloses evidence that the defendant and his wife had been married for a period of about thirty years; that about the year 1929 the defendant became enamored of a certain prostitute; that the defendant became a sex pervert and indulged in unnatural relations with the prostitute; that during this period he began to quarrel violently with his wife and to strike and kick her so mercilessly that she pleaded with him to cease or he would kill her; that on these occasions various parts of her body became bruised and covered with blood; that her screaming and crying were heard frequently by the neighbors; that he demanded of her that she indulge in unnatural sex relations with him; that she refused to comply therewith; that he twice threatened to kill her; that about six o ’clock Sunday morning, March 14, 1937, his wife was heard to scream; that late in the afternoon that day the defendant left the dinner table in a rage,’ went to the kitchen, gritted and gnashed his teeth, began to quiver and shake, and struck his wife viciously ; that she was thereafter seen lying on the floor near the chair where she had been sitting when struck; that the defendant and his' wife had been drinking; that thereafter about six o’clock they were left alone in their house; that about eight o’clock that evening a boarder returned and found Mrs. Rosenberry again prostrate on the floor with the defendant standing over her; that she was apparently unconscious; that her face was battered, discolored, swollen and bloody; that the boarder asked the defendant to call a physician; that the defendant refused; that the boarder and the de
 
 *110
 
 fendant lifted Mrs. Rosenberry to a davenport; that while this’ was being done she slipped from their hands and fell a distance of approximately eight inches striking the floor which was covered by a thick carpet with padding under it; that the defendant then left his wife and went to a house of prostitution; that the boarder also left; that the defendant returned to his home later that night; that he went to work the next morning without calling a physician for his wife; that thereafter the boarder returned about noon and found Mrs. Rosenberry lying on the floor in a dying condition with towels around her face; that he called the police but Mrs. Rosenberry died just before their arrival; that upon searching the premises the police discovered in the basement some bloody rags which apparently had been rinsed; that the defendant subsequently went to one of the state’s witnesses and asked her not to testify that she had seen him hit his wife; that the death was' caused by a subdural hemorrhage throughout the entire brain but especially marked over the right temporal region - that Mrs. Rosenberry’s face was swollen and bloody; that there were black and blue marks upon her forehead, cheeks, nose, chin, chest, arms and hands; that her lips were swollen and lacerated by tooth bites; that there was an abrasion on her nose which was out of its original shape; and that the hemorrhage could have been caused by blows of the type inflicted by the defendant. Furthermore in his opening statement to the jury counsel for the defendant conceded that Mrs. Rosenberry’s death was an unnatural one.
 

 The foregoing precis is of some length but it is not intended as a comprehensive recital of the myriad - facts disclosed by the record. Nevertheless it is sufficient to demonstrate the error of the Court of Appeals in holding that there is no evidence of the essential elements of the ofíense of second degree murder.
 
 *111
 
 It is of course unnecessary that each of the circumstances standing alone be sufficient to warrant conviction. In such cases the decisive question is the cumulative effect of all the circumstances considered together. With this in mind it should be a matter of no surprise that the jury found the defendant’s conduct consistent with no reasonable conclusion except guilty as charged in the indictment. The trial court was manifestly correct in its refusal to direct a verdict.
 

 The second question requiring the attention of the court is whether the trial court erred in its charge to the jury.
 

 The Court of Appeals held that the trial court was in error in refusing to give request No. 2 submitted by the defendant with reference to considering evidence of former similar assaults in connection with the element of intent in the instant case. In the first place the request is' inaccurately worded and virtually would have prevented the jury from considering such evidence in connection with the element of intent. In the second place the Court of Appeals held that the request should have been given because there was no evidence tending to connect the defendant with the death of his wife. As already indicated, the Court of Appeals was in error in so holding.
 

 Likewise the Court of Appeals said:
 

 “The court below also failed to charge that before it could consider evidence of previous assaults for any purpose whatsoever that it was necessary from the evidence offered to show that the defendant was1 guilty of such other offenses beyond a reasonable doubt. Such failure of the court we believe was error, as was decided in the case of
 
 Pastor
 
 v.
 
 State,
 
 91 O. S., 173.”
 

 There are three difficulties with this statement. The first is that there is no reported decision of this court in a case so styled. The second difficulty is that there is' no report beginning at that page. However there
 
 *112
 
 is a reported decision in the case of
 
 Baxter
 
 v.
 
 State
 
 at page 167 of that volume. If this is the decision referred to by the Court of Appeals, then the third difficulty encountered is that the pronouncement relied upon was expressly overruled in the subsequent case of
 
 Scott
 
 v.
 
 State,
 
 107 Ohio St., 475, 141 N. E., 19.
 

 The third question requiring the -court’s consideration is that relating to the motion of the defendant to strike from the record all evidence of prior assaults against his wife. The trial court overruled this motion. The Court of Appeals held that this was erroneous because there was no evidence tending to connect the defendant with the death of his wife. As already indicated the Court of Appeals was in error in so holding.
 

 It is the view of this court that the trial court committed no prejudicial error and that substantial justice was done. Therefore the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Day, Williams and Gorman, JJ., concur.
 

 Myers, J., dissents.