THE STATE OF OHIO, APPELLEE, *v.* MANAGO, APPELLANT.

(No. 73-755—Decided June 12, 1974.)

226

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Michael E. O'Malley,* for appellee.
*Mr. James R. Willis,* for appellant.

WILLIAM B. BROWN, J.    Appellant urges that the trial court should have directed a verdict of acquittal because the state adduced no evidence tending to prove the requisite elements of the offense charged.    Specifically, appellant argues that the record discloses no evidence that her daughter was killed.    Thus, the question presented is whether the state established, either directly or circumstantially, by the requisite degree of proof that appellant's daughter was killed.

That the alleged victim was "killed" is not only a specific element of the crime charged (R. C. 2901.01) and the crime for which appellant was convicted (R. C. 2901.06), it is an essential element of the *corpus delicti.*

In a criminal prosecution, a plea of "not guilty" requires the state to prove all material facts relating to the crime charged, including those facts relating to the *corpus delicti. State* v. *Nutter* (1970), 22 Ohio St. 2d 116. The *corpus delicti,* meaning the body or substance of the crime charged, in a homicide prosecution involves two ele-

ments, *i. c.* (1) the fact of death and (2) the existence of the criminal agency of another as the cause of death. 41 Corpus Juris Secundum 5, Homicide, Section 312(a); *State* v. *Maranda* (1916), 94 Ohio St. 364; 1 Wharton's Criminal Evidence (13 Ed. 1972), 27, Section 17.

In this case, the *fact* of the death was established. However, an examination of the record fails to disclose any evidence from which an inference could be drawn that the alleged victim met her death through the criminal agency of another.

The Court of Appeals apparently assumed that the deputy coroner testified that the victim died as a result of a *homicide*. A coroner's verdict as to the cause of death and the manner and mode in which the death occurred is entitled to much weight. R. C. 313.19. However, in this case, the deputy coroner's testimony with respect to the *cause* of death was limited to the physiological cause of death, with an additional elicited opinion that it was "possible" that the alleged victim met her death by falling down a flight of steps.

The testimony of Dr. Hirsch was the only evidence relating to the cause of death. In that testimony there is no suggestion that Kisha's death was a homicide. The prosecutor failed to inquire of Dr. Hirsch whether Kisha's death was a homicide, or whether the injuries sustained could have *possibly* been the result of the criminal agency of another. The prosecutor made no attempt to establish the *corpus delicti* by way of competent evidence.* In paragraph four of the syllabus in *State* v. *Farmer* (1951), 156 Ohio St. 214, this court held:

"If the state fails to produce evidence, which should be readily available to the state, of a fact which will tend to establish an essential element of the state's case, such failure may raise a doubt with regard to the existence of such element of the state's case, where no explanation is given of such failure to produce such evidence and where

---

*In closing argument, which of course is not evidence, the prosecutor was permitted, over objection, to relate to the jury a scenario of brutal murder unsupported by the evidence.

only circumstantial evidence is offered to establish such element.''

In light of that holding, the failure of the state to establish the *corpus delicti* upon direct examination of the deputy coroner raised a reasonable doubt as to the existence of the *corpus delicti*. That death occurred as the result of the criminal agency of another must be shown beyond a reasonable doubt. *People* v. *Wilson* (1948), 400 Ill. 461, 480, 81 N. E. 2d 211; 41 Corpus Juris Secundum 15, Homicide, Section 312(d)(1). Cf. *State* v. *Cochrane* (1949), 151 Ohio St. 128.

In *State* v. *Rosenberry* (1938), 134 Ohio St. 108, this court reversed the judgment of the Court of Appeals which held that the trial court should have directed a verdict for the accused because the record disclosed no evidence of the *corpus delicti*. The accused had been charged with the murder of his wife. The record disclosed the following evidence: The accused had twice threatened to kill her; on the day prior to death, the accused was seen to viciously strike her; she was later seen lying on the floor, apparently unconscious, with the accused standing over her; the witness advised that a physician be called, but the accused refused; the cause of death was brain hemorrhage; the hemorrhage *could have been caused* by blows of the type inflicted by the accused; and counsel for defendant had *conceded* that the death was unnatural. Upon the basis of the record, this court concluded that the *corpus delicti* had been established.

Similar proof is not disclosed by the record in this case; the *corpus delicti* was not established in the trial of appellant; and the motion to discharge the defendant should have been granted.

Accordingly, the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas, with instructions to discharge the accused.

*Judgment reversed.*

O'Neill, C. J., Stern and P. Brown, JJ., concur.

Herbert and Corrigan, JJ., concur in the judgment of reversal, but would remand for a new trial.

Celebrezze, J., dissents.