OPINION
Defendant-appellant Donald Jason Cox appeals the decision of the Belmont County Court, Western Division which found him guilty of domestic violence and sentenced him to probation. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE
On December 6, 1998 at 10:29 p.m., St. Clairsville police officers were dispatched to South Sugar Street after receiving a call from a resident that a fight was occurring nearby. As police were scanning the area, they were informed by dispatch that at 10:33 p.m., Peggy Gibson entered the station and reported a domestic dispute at appellant's residence on South Sugar Street.
When the dispatched officers approached appellant, he was about to leave his house with his children and his present girlfriend. He claimed that Ms. Gibson had not been at his residence that evening. He described Ms. Gibson as his former girlfriend. He then stated that he felt his children were being abused by someone in Columbus, where they lived with Ms. Gibson. (Tr. 10-11). Appellant voluntarily followed the officers to the station. After Ms. Gibson gave a written statement on the incident, appellant was arrested for domestic violence in violation of R.C.2919.25(A), a first degree misdemeanor.
On May 27, 1999, appellant's bench trial began on the domestic violence charge and on a charge of disorderly conduct, the alleged basis of which arose shortly after appellant's arrest for domestic violence. When Ms. Gibson failed to appear to testify at trial, she was phoned by the state. She claimed that someone called her and stated that her presence was not necessary. The trial was recessed so the state could issue a subpoena.
The trial continued on June 22, 1999. Once again, Ms. Gibson failed to appear. Because the clerk issues subpoenas by regular mail, there is no proof of service. The state advised the court that Ms. Gibson had informed them the day before that she was not going to appear. The state then asked the court to admit a preliminary hearing transcript where Ms. Gibson testified regarding the incident. This preliminary hearing was not from the misdemeanor charges in question but was from appellant's and his girlfriend's felony charges of interfering with custody. The court refused to admit the transcript. Appellant's written statement, which was identified as state's exhibit number 4A, was not admitted into evidence at the close of the state's case.
The court did allow into evidence Ms. Gibson's oral statement to the officer whom she first encountered at the police station. When defense counsel objected on the grounds of hearsay, the state responded that the statements made by Ms. Gibson four minutes after the incident were admissible as excited utterances. Defense counsel then stated, "That's fine, your honor, but first they have to prove the crime before they bring in hearsay." (Tr. 39). The court overruled the objection.
The officer testified that Ms. Gibson was very upset and that he observed red marks on her neck. Other officers had previously testified to observing red marks on Ms. Gibson's neck that appeared to be fingerprints. Photographs of Ms. Gibson's neck were admitted into evidence. The officer then testified that Ms. Gibson told him that she and appellant had a confrontation outside of his house during which appellant dragged her by the throat from the porch to her car. (Tr. 39-40).
When the state rested, the defense moved for acquittal. When the court denied this motion, the defense rested. The court then found appellant guilty of domestic violence and not guilty of disorderly conduct. On August 3, 1999, the court sentenced appellant to ninety days in jail with ninety days suspended. Appellant was not fined but was placed on probation for two years. Timely notice of appeal was filed.
 ASSIGNMENTS OF ERROR
Appellant sets forth two assignments of error, the first of which provides:
 "THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE HEARSAY STATEMENTS BY AN ABSENT WITNESS AS THE STATE FAILED TO ESTABLISH THE CORPUS DELICTI OF DOMESTIC VIOLENCE."
Appellant was convicted of domestic violence under R.C. 2919.25(A), the elements of which are knowingly causing or attempting to cause physical harm to a family or household member. A family or household member includes a person that is the natural parent of a child of whom the offender is the other natural or putative parent. R.C. 2919.25(E)(1)(b).
Under this assignment, appellant argues that the excited utterances of Ms. Gibson were not admissible until the state established the corpusdelicti of domestic violence.[1]
The corpus delicti of a crime is proof that a crime occurred consisting of two elements: proof of the act and proof that the act was the result of the criminal agency of some other person. State v. Van Hook (1988),39 Ohio St.3d 256, 261. For instance, the corpus delicti of murder is proof that a person was killed (the act) by another unlawfully (the criminal agency). State v. Manago (1974), 38 Ohio St.2d 223, 226-227.
The issue of the state proving corpus delicti in order to admit certain evidence arises in cases where the state seeks to admit a defendant's extrajudicial confession. The long-standing rule in Ohio is that there must be "some evidence" outside of a confession tending to establish thecorpus delicti of the crime before a confession is admissible. State v.Maranda (1916), 94 Ohio St. 364 (stating that "some evidence" is a minimal standard which need not even rise to the level of a prima facie case).
First of all, the fact that appellant's neighbor reported a fight to police and a "very upset" Ms. Gibson arrived at the police station four minutes later with red marks on her neck in the shape of fingerprint marks, provides some evidence that an act occurred as a result of the criminal agency of another. Corpus delicti does not require proof connecting the defendant to the crime. See Van Hook,39 Ohio St.3d at 251; State v. Christman (May 28, 1999), Monroe App. No. 786, unreported, 14.
Regardless, the issue of corpus delicti does not arise in the context of determining the admissibility of evidence under the exceptions to the ban on hearsay.[2] As aforementioned, it arises in the context of admitting a defendant's confession. There is no confession in the case at bar. Appellant cites no authority for his proposition that some evidence of corpus delicti is required prior to admitting an excited utterance. In fact, an excited utterance is often used to prove corpus delicti in cases where a confession exists. See, e.g., State v. Fowler (1985),27 Ohio App.3d 149, 154 (holding that the confession was corroborated by the victim's excited utterance); City of Lakewood v. Reese (Mar. 20, 1997), Cuyahoga App. No. 70193, unreported, 5 (stating that some evidence of corpus delicti as a foundation for a domestic violence confession is laid where officers testified to the victim's excited utterances). Hence, appellant's argument is misguided, and this assignment of error is overruled.
Appellant's second assignment of error provides:
 "THE FINDING OF GUILT OF DOMESTIC VIOLENCE IS NOT SUPPORTED BY THE EVIDENCE BEYOND A REASONABLE DOUBT AS TO EACH AND EVERY ELEMENT THEREOF."
Whether or not the state presented sufficient evidence is a question of law dealing with adequacy of the evidence.
State v. Thompkins (1997), 78 Ohio St.3d 380, 386. This court must determine if after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Goff
(1998), 82 Ohio St.3d 123, 138. As previously set forth, the elements of domestic violence are knowingly causing or attempting to cause physical harm to a family or household member. R.C. 2919.25(A). A family or household member includes a person who is the natural parent of a child of whom the offender is the other natural or putative parent. R.C.2919.25(E)(1)(b).
Under this assignment, appellant's sole argument is that the state failed to prove the element of family or household member. Appellant does not contest paternity but contends that the state presented insufficient evidence to establish that Ms. Gibson is the mother of his children. Appellant also argues that after his attorney objected, any evidence which may imply that Ms. Gibson is the mother of his children was only admitted as background, and not to prove a fact.
In reviewing the record, it is clear that defense counsel objected to the officer's testimony that Ms. Gibson stated that appellant assaulted her and did not object to the officer's characterization of Ms. Gibson as appellant's former girlfriend. The court overruled the objection and noted that the officer indicated that his testimony represented Ms. Gibson's "accusation" so it was just background at that point. (Tr. 5, 8).[3]
Subsequently, an officer testified that Ms. Gibson was appellant's former girlfriend who filed a complaint against him for domestic violence. (Tr. 9). As the state points out, appellant told police "that he felt that his children were being abused by his ex-girlfriend in Columbus." (Tr. 10-11). There was testimony that Children Services was called to investigate appellant's suspicions prior to Ms. Gibson taking the children back to Columbus. (Tr. 11). Furthermore, an officer testified that he explained to appellant, "it wasn't until we viewed a short time ago the new domestic violence laws that due to thecircumstances of Mr. Cox and uh (Ms. Gibson), thank you, Ms. Gibson thefact that they had lived together at one point and also have two childrentogether, that it did in fact fall under the domestic violence law." [Emphasis added]. (Tr. 19-20). There was no objection to this statement.
Upon reviewing the transcript in the light most favorable to the state, reasonable minds could find that the element of family or household member was proven beyond reasonable doubt. See State v. Jorden
(1999), 134 Ohio App.3d 131, 137 (finding sufficient evidence that the victim was the mother of the defendant's child where the victim did not testify but rather the court received testimony of police officers). As such, this assignment of error is overruled.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs, Waite, J., concurs.
 ______________ VUKOVICH, P.J.
[1] At trial, defense counsel basically conceded excited utterance and instead focused his argument on corpus delicti. On appeal, appellant does not argue that the declarant's statement was not an excited utterance, or that it violated the Confrontation Clause.
[2] The admission of an excited utterance does not require corroboration or independent proof as does the admission of a statement against interest or a statement by a co-conspirator, respectively. Evid.R. 804(B)(3), 801(D). Moreover, the General Assembly has been taking steps to encourage prosecutors to continue with the prosecution of cases even where the victim fails to appear or wishes to withdraw her complaint. For instance, if the victim of a domestic violence does not cooperate with the prosecution or wishes to drop the charges, then the prosecutor may determine whether to continue the prosecution notwithstanding the victim's failure to cooperate by considering the facts and circumstances of the case including the observations of police officers. R.C. 2935.03(B)(3)(e)(ii). Moreover, when the Supreme Court held that trial courts have discretion to dismiss charges after considering certain factors of the case where the complaining witness does not wish to proceed, State v. Busch (1996), 76 Ohio St.3d 613, 616, the General Assembly amended various statutes, effective March 13, 1997, to state that a judge has no authority to dismiss a case solely at the request of the complainant over objection of the prosecutor. See R.C.1901.20(A) (2) [applicable to municipal courts]; 1907.02(A)(2) [applicable to county courts]; 2931.03 [applicable to common pleas courts].
[3] Later, when Ms. Gibson failed to appear, her oral accusation was admitted as an excited utterance.