THE STATE OF OHIO, APPELLEE, *v.* COOK, APPELLANT.

[Cite as *State v. Cook*, 128 Ohio St.3d 120, 2010-Ohio-6305.]

*Criminal law — Statutes of limitations — R.C. 2901.13(A)(1)(a), 2901.13(B)(1), and 2901.13(F) — For a felony offense that contains an element of fraud, the six-year statute of limitations begins to run only after the corpus delicti of the offense is discovered — In some circumstances, the state has one additional year to file charges after the corpus delicti of an offense involving fraud is discovered — Judgment affirmed.*

(No. 2009-2122 — Submitted September 29, 2010 — Decided December 28, 2010.)

CERTIFIED by the Court of Appeals for Lucas County, No. L-08-1301, 184 Ohio App.3d 382, 2009-Ohio-4917.

_____

SYLLABUS OF THE COURT

1. The corpus delicti of a crime is the body or substance of the crime and usually has two elements: (1) the act itself and (2) the criminal agency of the act. (*State v. Hensley* (1991), 59 Ohio St.3d 136, 138, 571 N.E.2d 711, approved and followed.)

2. Pursuant to R.C. 2901.13(F), for a felony offense that contains an element of fraud, the six-year statute of limitations in R.C. 2901.13(A)(1)(a) begins to run only after the corpus delicti of that offense is discovered.

3. When a person who is aggrieved by a crime that includes an element of fraud or breach of a fiduciary duty discovers the corpus delicti of that offense, R.C. 2901.13(B)(1) provides the state one additional year within which to file charges from the date that the aggrieved party discovers the corpus delicti of the offense.

_____

**LUNDBERG STRATTON, J.**

## I. Introduction

{¶ 1} The instant case involves a felony offense that includes an element of fraud where the corpus delicti of the offense was not discovered until approximately three years after the offense was committed. There are two questions for our review. The first is whether R.C. 2901.13(F) tolls the criminal statute of limitations for such an offense while the corpus delicti remains undiscovered. The second is whether R.C. 2901.13(B)(1) provides a one-year statute of limitations for an offense that includes an element of fraud.

{¶ 2} We hold that the one-year limitation period in R.C. 2901.13(B)(1) is not applicable to the facts in the instant case. We also hold that pursuant to R.C. 2901.13(F), the six-year statute of limitations in R.C. 2901.13(A)(1)(a) begins to run for a felony offense that contains an element of fraud only after the corpus delicti of the offense is discovered. Accordingly, we affirm the judgment of the court of appeals.

## II. Facts and Procedure

{¶ 3} In December 2000, the pastor at the United Methodist Church in Metamora, Ohio announced to the congregation that Esther Benfer intended to donate her farm to the church.

{¶ 4} In May 2001, appellant, Linda S. Cook, who was a practicing attorney at the time, met with Benfer to discuss estate planning. *Toledo Bar Assn. v. Cook*, 114 Ohio St.3d 108, 2007-Ohio-3253, 868 N.E.2d 973, ¶ 6. Benfer informed Cook that she wanted to donate her farm to the church, but she wanted to be able to live on the farm as long as her health permitted. Id. at ¶ 10. Cook advised Benfer that she could qualify for Medicaid coverage by divesting herself of the farm three years before she applied to Medicaid for nursing-home care.

**{¶ 5}** Cook drafted a quitclaim deed giving title to the farm to herself as trustee, while reserving a life estate in Benfer. *Cook* at ¶ 12. That deed purported to be executed and witnessed on May 20, 1998, but it was not filed until July 12, 2001.

**{¶ 6}** Subsequently, Cook struck the word "trustee" from the deed, inserted the word "married," and rerecorded it on September 10, 2001. She also added to the deed the phrase "being rerecorded to correct Grantee marital status." Cook claimed to have made this change because "she had mistakenly given the farm to herself as trustee, rather than to herself personally in accordance with [Benfer's] wishes." *Cook* at ¶ 20.

**{¶ 7}** Cook filed a third deed on December 13, 2001, which purported to transfer the farm from Cook to the church, with a life estate for Benfer.

**{¶ 8}** Finally, Cook filed a fourth deed on September 8, 2004, which again purported to transfer the farm from Cook to the church, with a life estate reserved for Benfer.

**{¶ 9}** In January 2004, the church trustees received a contract that purported to transfer the farm to the church. An attorney advised the church trustees that they should go to the Fulton County Recorder's Office to see how the deed was recorded. In February 2004, the church trustees searched deeds at the Fulton County Recorder's Office but found no deed transferring the farm to the church. Instead, they discovered the first deed — the deed that transferred the farm to Cook as trustee — and the second deed — the deed that put the farm in Cook's name personally.

**{¶ 10}** In April 2004, the Toledo Bar Association received a grievance alleging disciplinary violations against Cook regarding these deeds. In April 2005, the bar association certified a disciplinary complaint against Cook with the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio.

{¶ 11} A panel of the board issued findings of fact and conclusions of law and determined that Cook had violated various Disciplinary Rules, inter alia, by intentionally backdating the first deed and changing the grantee designation on the second deed. The board adopted the findings of misconduct and recommended that Cook be disbarred. In *Cook*, 114 Ohio St.3d 108, 2007-Ohio-3253, 868 N.E.2d 973, the court disbarred her.

{¶ 12} In October 2006, the bar association reported its findings to the Lucas County Prosecutor's Office.

{¶ 13} On July 18, 2007, a grand jury returned a two-count indictment against Cook, charging her with tampering with records in violation of R.C. 2913.42(A)(1) and (B)(4) and with theft from an elderly person in violation of R.C. 2913.02(A)(2) and (B)(3).

{¶ 14} R.C. 2913.42(A)(1) provides, "No person, knowing the person has no privilege to do so, and with the purpose to defraud or knowing that the person is facilitating a fraud, shall * * * [f]alsify, destroy, remove, conceal, alter, deface, or mutilate any writing, computer software, data, or record." Under R.C. 2913.42(B)(4), tampering with records is a third-degree felony if the record is kept by a local, state, or federal governmental entity.

{¶ 15} Cook moved to dismiss the tampering-with-records charge pursuant to the six-year statute of limitations for felonies in R.C. 2901.13(A)(1)(a). Cook alleged that the crime occurred when she filed the first deed on July 12, 2001, and that the state did not file charges against her until the July 18, 2007 indictment, six days after the six-year statute of limitations had expired. The trial court granted Cook's motion and dismissed the charge.

{¶ 16} The court of appeals found that "the corpus delicti of the tampering-with-records charge in relation to the filing of the July 12, 2001 deed was not known until, at the earliest, February 2004, when the church trustees discovered irregularities in the deeds." *State v. Cook*, 184 Ohio App.3d 382,

2009-Ohio-4917, 921 N.E.2d 258, ¶ 37. Applying the tolling provision in R.C. 2901.13(F), the court of appeals held that the six-year statute of limitations in R.C. 2901.13(A)(1)(a) did not begin to run until February 2004. Id. at ¶ 42. Accordingly, the court of appeals reversed the judgment dismissing the tampering-with-records charge, holding that the indictment returned against Cook on July 18, 2007, was timely.

{¶ 17} The court of appeals certified that a conflict existed between its decision and the decisions in *State v. Mitchell* (1992), 78 Ohio App.3d 613, 605 N.E.2d 978, an Eighth Appellate District case, and *State v. Stephens* (July 25, 1997), Clark App. No. 96 CA 0117, 1997 WL 435694, a Second Appellate District case.

{¶ 18} This court determined that a conflict existed and ordered that the parties brief the following issue: "Whether R.C. 2901.13(F) operates to toll the six-year period of limitations provided for in R.C. 2901.13(A) so that it extends beyond six years from the date upon which a felony offense was committed where the corpus delicti of the offense is discovered within the period of limitations and more than one year prior to expiration of the limitation period." *State v. Cook*, 124 Ohio St.3d 1440, 2010-Ohio-188, 920 N.E.2d 371.

{¶ 19} Cook argues that she committed the tampering-with-records offense on July 12, 2001, when she filed the first deed, although the corpus delicti was not discovered until February 2004. Nevertheless, relying on our decision in *State v. Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A.* (1999), 85 Ohio St.3d 582, 709 N.E.2d 1192, she argues that the tolling provision in R.C. 2901.13(F) is not applicable. Instead, she argues that pursuant to *Climaco,* the six-year statute of limitations for felony offenses in R.C. 2901.13(A)(1)(a) began to run from the date of the offense on July 12, 2001, and therefore the state's July 18, 2007 indictment was not timely filed.

**{¶ 20}** Alternatively, Cook argues that R.C. 2901.13(B)(1) provides a tolling provision and one-year limitation period specifically for offenses that include an element of fraud, while R.C. 2901.13(F) provides a general tolling provision. Cook argues that because the offense herein includes an element of fraud, R.C. 2901.13(B)(1) provides the applicable tolling provision and one-year limitation period running from the date of discovery. Thus, Cook argues that the state had only one year from February 2004 in which to file charges and therefore the July 18, 2007 indictment was not timely filed.

**{¶ 21}** The state argues that the tolling provision and one-year limitation period in R.C. 2901.13(B)(1) do not apply to the facts in the instant case. The state also argues that *Climaco* is distinguishable from this case and therefore does not preclude application of the tolling provision in R.C. 2901.13(F). Thus, the state argues that the six-year statute of limitations in R.C. 2901.13(A)(1)(a) applies and that the state had six years from February 2004 in which to file charges against Cook. Therefore, the state argues, its July 18, 2007 indictment of Cook was timely.

**{¶ 22}** We agree with the state.

### III. Analysis

**{¶ 23}** We begin our analysis with a brief review of the definition of the corpus delicti of a criminal offense. This court has stated that the "corpus delicti" of a crime is "the body or substance of the crime and usually [has] two elements: (1) the act itself, and (2) the criminal agency of the act." *State v. Hensley* (1991), 59 Ohio St.3d 136, 138, 571 N.E.2d 711, citing *State v. Black* (1978), 54 Ohio St.2d 304, 307, 8 O.O.3d 296, 376 N.E.2d 948. "For example, when the offense is homicide, the corpus delicti 'involves two elements, *i.e.,* (1) the fact of death and (2) the existence of the criminal agency of another as the cause of death.' " *State v. Van Hook* (1988), 39 Ohio St.3d 256, 261, 530 N.E.2d 883, quoting *State v. Manago* (1974), 38 Ohio St.2d 223, 226-227, 67 O.O.2d 291, 313 N.E.2d 10.

The corpus delicti is relevant in this case because a criminal statute of limitations may be tolled when the corpus delicti of the offense is not immediately discoverable. See *Hensley*, 59 Ohio St.3d at 140, 571 N.E.2d 711 ("the corpus delicti of crimes involving child abuse or neglect is discovered when a responsible adult, as listed in R.C. 2151.421, has knowledge of both the act and the criminal nature of the act").

{¶ 24} Next we examine the general statute of limitations for criminal offenses found in R.C. 2901.13:

{¶ 25} "(A)(1) Except as provided in division (A)(2) or (3) of this section or as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:

{¶ 26} "(a) For a felony, six years;

{¶ 27} " * * *

{¶ 28} "(B)(1) Except as otherwise provided in division (B)(2) of this section, if the period of limitation provided in division (A)(1) or (3) of this section has expired, prosecution shall be commenced for an offense of which an element is fraud or breach of a fiduciary duty, within one year after discovery of the offense either by an aggrieved person, or by the aggrieved person's legal representative who is not a party to the offense.

{¶ 29} "* * *

{¶ 30} "(F) The period of limitation shall not run during any time when the corpus delicti remains undiscovered."

{¶ 31} " 'In construing a statute, a court's paramount concern is the legislative intent. In determining legislative intent, the court first reviews the applicable statutory language and the purpose to be accomplished.' " *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, ¶ 20, quoting *State ex rel. Watkins v. Eighth Dist. Court of Appeals* (1998), 82 Ohio St.3d 532, 535, 696 N.E.2d 1079. Courts are "required to apply the plain language of a

statute when it is clear and unambiguous." *Jaques v. Manton,* 125 Ohio St.3d 342, 2010-Ohio-1838, 928 N.E.2d 434, ¶ 14, citing *State v. Lowe,* 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 9.

{¶ 32} "Generally, statutes of limitations begin to run when the crime is complete." *State v. Swartz* (2000), 88 Ohio St.3d 131, 133, 723 N.E.2d 1084, citing *Toussie v. United States* (1970), 397 U.S. 112, 115, 90 S.Ct. 858, 25 L.Ed.2d 156. And unless charges are commenced against the accused prior to the expiration of the limitation period, the state is barred from prosecuting the accused. R.C. 2901.13(A)(1).

{¶ 33} However, "the General Assembly has afforded the state certain statutory exceptions to the absolute bar, and has done so in the form of specialized rules and tolling provisions." *Hensley*, 59 Ohio St.3d at 137, 571 N.E.2d 711. One of these exceptions is the tolling provision found in R.C. 2901.13(F), which provides that the "period of limitation shall not run during any time when the corpus delicti remains undiscovered." The language in R.C. 2901.13(F) is unequivocal and contains no exception, qualification, or limitation regarding the offense to which it applies, nor does it contain any exception for acts of fraud. See generally *Hensley* at 137. Thus, we hold that pursuant to R.C. 2901.13(F), for a felony offense that contains an element of fraud, the six-year statute of limitations in R.C. 2901.13(A)(1)(a) begins to run only after the corpus delicti of that offense is discovered.

*State v. Climaco*

{¶ 34} Cook argues that pursuant to *State v. Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A.*, 85 Ohio St.3d 582, 709 N.E.2d 1192, if the corpus delicti of an offense is discovered before the applicable statute of limitations expires, then the tolling provision in R.C. 2901.13(F) does not apply. Instead, Cook claims that the state has the time remaining on the applicable limitation period running from the date that the criminal act occurred

within which to charge the defendant. We hold that the decision in *Climaco* is not applicable and should be limited to its facts.

{¶ 35} In *Climaco*, the state charged a law firm with falsification (R.C. 2921.13(A)(7)) on February 1, 1996, for improperly reporting honoraria in 1993. Id. at 584. The law firm argued that the two-year statute of limitations for a misdemeanor offense found in R.C. 2901.13(A)(2) had expired. The state argued that R.C. 2901.13(F) applied to toll the running of the two-year statute of limitations, because the criminal agency of the falsification did not surface until February 1994, and therefore the February 1, 1996 indictment was timely filed.

{¶ 36} Because the alleged violations regarding the honoraria were so well publicized, the court refused to give the state the benefit of the tolling provision of R.C. 2901.13(F), stating that if it did so under the circumstances of that case, "the purposes and principles governing criminal statutes of limitation would be defeated." Id. at 587.

{¶ 37} The present case can be distinguished because here, unlike in *Climaco,* there was no media spotlight or report to alert the authorities or parties to investigate. The corpus delicti of the offense in the instant case is found only in the deeds that were created and filed by Cook. Finally, the parties agree that the corpus delicti of the offense herein was not discovered until February 2004, the date that the church trustees discovered the deeds transferring Benfer's farm to Cook. Accordingly, the policy reasons supporting *Climaco* do not exist here. See id. at 586 ("the intent of R.C. 2901.13 is to discourage inefficient or dilatory law enforcement rather than to give offenders the chance to avoid criminal responsibility for their conduct"). Therefore, we hold that *Climaco* is not controlling in the instant case, and we limit *Climaco* to its facts.

*R.C. 2901.13(F) and 2901.13(B)(1) Do Not Conflict*

{¶ 38} Cook argues that even if the running of the statute of limitations was tolled until February 2004, R.C. 2901.13(B)(1) provided the state only one

year thereafter within which to file charges. In support of this argument, Cook argues that R.C. 2901.13(F) and 2901.13(B)(1) conflict because R.C. 2901.13(F) is a general tolling provision that applies to any offense, while R.C. 2901.13(B)(1) is a specific tolling provision that applies only to an offense that contains an element of fraud. Because the offense in this case contains an element of fraud, Cook argues that the specific provision, R.C. 2901.13(B)(1), applies to provide the state one year within which to file charges after the corpus delicti of the offense was discovered. Cook argues that because the state did not file the indictment against Cook within that year, the indictment was not timely filed.

{¶ 39} The state argues that R.C. 2901.13(B)(1) does not apply to the facts in this case. Again, we agree with the state.

{¶ 40} R.C. 2901.13(B)(1) provides:

{¶ 41} "Except as otherwise provided in division (B)(2) of this section, if the period of limitation provided in division (A)(1) or (3) of this section has expired, prosecution shall be commenced for an offense of which an element is fraud or breach of a fiduciary duty, within one year after discovery of the offense either by an aggrieved person, or by the aggrieved person's legal representative who is not a party to the offense."

{¶ 42} As previously discussed, R.C. 2901.13(F) provides:

{¶ 43} "The period of limitation shall not run during any time when the corpus delicti remains undiscovered."

{¶ 44} R.C. 1.51 directs us to first construe conflicting statutory provisions, where possible, to give effect to both. Only where the conflict is irreconcilable does R.C. 1.51 mandate that one provision prevail over the other. We have judicially recognized similar rules of statutory construction:

{¶ 45} " 'First, all statutes which relate to the same general subject matter must be read *in pari materia.* And, in reading such statutes *in pari materia,* and construing them together, this court must give such a reasonable construction as

to give the proper force and effect to each and all such statutes. The interpretation and application of statutes must be viewed in a manner to carry out the legislative intent of the sections. All provisions of the Revised Code bearing upon the same subject matter should be construed harmoniously. This court in the interpretation of related and co-existing statutes must harmonize and give full application to all such statutes unless they are irreconcilable and in hopeless conflict.' " (Citations omitted.) *United Tel. Co. of Ohio v. Limbach* (1994), 71 Ohio St.3d 369, 372, 643 N.E.2d 1129, quoting *Johnson's Mkts., Inc. v. New Carlisle Dept. of Health* (1991), 58 Ohio St.3d 28, 35, 567 N.E.2d 1018.

{¶ 46} Applying these principles, we hold that R.C. 2901.13(B)(1) and (F) do not irreconcilably conflict and that each applies to a particular situation independent of the other.

{¶ 47} R.C. 2901.13(B)(1) gives the state a year within which to file charges when an offense involving fraud or breach of a fiduciary duty is discovered by an "aggrieved party." R.C. 2901.13(F) contains no such qualification. It defies common sense that the General Assembly would give felony offenses a six-year statute of limitations upon discovery of the corpus delicti of the offense, yet limit victims of fraud to only one year.

{¶ 48} Reading these provisions in pari materia, a logical construction is that R.C. 2901.13(F) tolls the statute of limitations for *all* criminal offenses, including offenses involving an element of fraud, from the date the offense is committed until the corpus delicti of that offense is discovered. But when an offense involving an element of fraud or breach of fiduciary duty is committed against multiple parties, who may not even know each other, the offense may be discovered by some of the aggrieved parties but remain concealed to others. To the aggrieved party or parties who only later discover the offense, R.C. 2901.13(B)(1) provides the state one additional year in which to file charges

against the defendant, even if the statute of limitations from the initial discovery has expired.

{¶ 49} For example, if victim A discovers a felony offense involving fraud, the state has six years from the date of victim A's discovery to file charges pursuant to R.C. 2901.13(F). However, if victim B discovers the corpus delicti of the same felony offense one day after the statute of limitations has run as to victim A, R.C. 2901.13(B)(1) provides the state one additional year from the date of victim B's discovery of the offense within which to file charges.

{¶ 50} Thus, harmonizing these provisions, we hold that when a person who is aggrieved by a crime that includes an element of fraud or breach of a fiduciary duty discovers the corpus delicti of that offense, R.C. 2901.13(B)(1) provides the state one additional year within which to file charges from the date that the aggrieved party discovers the corpus delicti of the offense.

*The Indictment Was Timely Filed*

{¶ 51} The court of appeals held that the corpus delicti of the tampering-with-records offense was discovered in February 2004, the date that the church trustees discovered the deeds that transferred Benfer's farm to Cook. The parties also accept February 2004 as the discovery date of that offense. Because deeds are filed in a government office, tampering with them is a third-degree felony pursuant to R.C. 2913.42(B)(4). Felony offenses have a six-year statute of limitations. R.C. 2901.13(A)(1)(a). Thus, the indictment filed against Cook on July 18, 2007, was within the six-year statute of limitations. R.C. 2901.13(B)(1) is not implicated, nor are its protections required, because nearly three years remained on the statute of limitations in R.C. 2901.13(A)(1)(a). Accordingly, we affirm the judgment of the court of appeals.

*Answer to the Certified Question*

{¶ 52} The question certified to this court was "[w]hether R.C. 2901.13(F) operates to toll the six-year period of limitations provided for in R.C. 2901.13(A)

12

so that it extends beyond six years from the date upon which a felony offense was committed where the corpus delicti of the offense is discovered within the period of limitations and more than one year prior to expiration of the limitation period." *Cook*, 124 Ohio St.3d 1440, 2010-Ohio-188, 920 N.E.2d 371. Our answer to this question requires more than a yes or no response. Our analysis concludes that pursuant to R.C. 2901.13(F), for a felony offense that contains an element of fraud, the six-year statute of limitations in R.C. 2901.13(A)(1)(a) begins to run only after the corpus delicti of that offense is discovered. The one-year limitation period in R.C. 2901.13(B)(1) applies only when an aggrieved party discovers an offense that contains an element of fraud after the statute of limitations has expired.

Certified question answered

and judgment affirmed.

O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

LANZINGER, J., concurs in judgment only.

BROWN, C.J., and PFEIFER, J., dissent.

_____

**BROWN, C.J., dissenting.**

{¶ 53} Citing a case decided by this court in 2000, the majority acknowledges the general rule that "statutes of limitations begin to run when the crime is complete." *State v. Swartz* (2000), 88 Ohio St.3d 131, 133, 723 N.E.2d 1084. Similarly, the majority acknowledges R.C. 2901.13(A)(1), which codifies the general rule that criminal prosecutions must be initiated within certain prescribed time frames *after an offense is committed*, i.e., six years for felonies and two years for misdemeanors.[1]

_____

1. {¶ a} R.C. 2901.13(A)(1) provides:

**{¶ 54}** The majority today nevertheless holds that R.C. 2901.13(F) is the starting point for determining when the criminal statute of limitations begins to run. It concludes, "R.C. 2901.13(F) tolls the statute of limitations for *all* criminal offenses, including offenses involving an element of fraud, from the date the offense is committed until the corpus delicti of that offense is discovered." (Emphasis sic.) As a result, in future cases, subsection (F) of R.C. 2901.13, rather than subsection (A), will determine the time at which the criminal statute of limitations commences. I dissent.

**{¶ 55}** Today's holding directly contradicts established precedent. In 1999, this court expressly rejected the premise today adopted by the majority, as follows:

**{¶ 56}** "[T]o construe subsection (F) as controlling would render subsection (A)(2)[2] meaningless[;] that is, a prosecution for a misdemeanor offense would be barred if it were not commenced within two years after the offense was committed. Subsection (A) is of no consequence if subsection (F) controls all circumstances, including situations, such as here, in which discovery occurs within the statutory period. The two-year period for misdemeanors would begin only on discovery of the offense, regardless of the date of the commission of the offense. Had the General Assembly intended this, it would have required that prosecution be initiated within two years after an offense is discovered instead of within two years after an offense is committed. The language 'except as

---

{¶ b} "Except as provided in division (A)(2) or (3) of this section or as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods *after an offense is committed*:

{¶ c} "(a) For a felony, six years;

{¶ d} "(b) For a misdemeanor other than a minor misdemeanor, two years;

{¶ e} "(c) For a minor misdemeanor, six months." (Emphasis added.)

2. Subsection (A)(2) of the 1991 version of the statute of limitations, providing a two-year limitations period for misdemeanors other than minor misdemeanors, is now codified as R.C. 2901.13(A)(1)(b). See 134 Ohio Laws, Part II, 1866, 1896.

otherwise provided' contained within subsection (A) clearly does not contemplate such an expansive reading of the statute." *State v. Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A.* (1999), 85 Ohio St.3d 582, 587-588, 709 N.E.2d 1192.

**{¶ 57}** The majority attempts to distinguish *Climaco* from the case at bar, stating that in *Cook*, "unlike in *Climaco*, there was no media spotlight or report to alert the authorities or parties to investigate." It concludes that this distinction renders *Climaco* inapplicable, because "the policy reasons supporting *Climaco* do not exist here*.*" The majority therefore "limit[s *Climaco*] to its facts."

**{¶ 58}** I fear that the apt observation of Judge Patrick J. Schiltz applies here: "To assert that an opinion of an appellate court has been limited to its facts is usually a polite way of saying 'implicitly overruled.'" *Bacon v. Hennepin Cty. Med. Ctr.* (Dec. 11, 2007), D.Minn. No. 06-CV-2359, 2007 WL 4373104, \*9.

**{¶ 59}** Initially, I observe that the facts of *Climaco* and the facts in *Cook* are more similar than dissimilar in that, in each case, the prosecutors were aware of the underlying circumstances well before expiration of the general statutes of limitations. In the case at bar, the church members allegedly harmed by Cook's actions knew in early 2004 enough facts to create a suspicion that Cook had backdated the deed prior to presenting it for filing at the county recorder's office. This discovery occurred fully three years before the July 12, 2007 expiration of the six-year period following Cook's alleged commission of the felony offense of tampering with public records.[3] In addition, the prosecutor was on notice of the

---

3. I am perplexed as to how the state intends to prove on remand that Cook "tampered with public records" so as to elevate her offense from a misdemeanor to a felony. R.C. 2913.42 provides that, with an exception not relevant here, tampering with *private* records constitutes a misdemeanor while tampering with *public* records, i.e., records "kept by or belong[ing] to a local, state, or federal governmental entity," constitutes a felony. Cook's alleged act of backdating the first deed occurred before the deed was in the possession of any public official. And although Cook filed subsequent deeds in an attempt to "correct" the recorded chain of title, the parties do not suggest that Cook somehow altered the contents of the first deed while it was being "kept by" the county recorder after its July 12, 2001 filing. If her actions constituted merely the misdemeanor offense of

facts at least as early as October 2006, well before July 12, 2007, the date of expiration of the general six-year statute of limitations. On April 18, 2005, the Toledo Bar Association filed a disciplinary grievance against Cook and in October 2006 formally reported to the prosecutor its findings of probable cause of a disciplinary violation based in part on Cook's backdating of the first deed.

{¶ 60} It is a distinction without a difference that the prosecutors' awareness of potentially criminal conduct was based on media attention in *Climaco* and on express notification by the Toledo Bar Association in *Cook*. In both cases, the prosecutors knew within the general limitations period of the underlying facts, yet failed to timely investigate and prosecute.

{¶ 61} But more significantly, the court in *Climaco* considered and expressly rejected the premise adopted today, recognizing, "[I]f we were to apply subsection (F) * * * [to afford the state] two years from the discovery of the offense to begin prosecution, the purposes and principles governing criminal statutes of limitations would be defeated." Id., 85 Ohio St.3d at 587, 709 N.E.2d 1192. Those principles were identified in *Climaco* as including (1) protecting individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and minimizing the danger of official punishment because of acts in the far-distant past and (2) encouraging law-enforcement officials to promptly investigate suspected criminal activity. See also 1974 Committee Comment to Am.Sub.H.B. No. 511 ("the basic thrust of [R.C. 2901.13] is to discourage inefficient or dilatory law enforcement rather than to give offenders the chance to avoid criminal responsibility for their conduct. * * * The rationale for limiting criminal prosecutions is that they should

---

tampering with private records, her conviction is time-barred even under the majority's interpretation of the statute of limitations. The misdemeanor two-year statute of limitations would have expired in early 2006, as the church members discovered in 2004 that the deed may have been backdated. The state filed the criminal charges against Cook in 2007, after the two-year statute of limitations for prosecution of misdemeanors had expired.

16

be based on reasonably fresh, and therefore more trustworthy evidence"). The majority opinion fails to explain why these principles applied in *Climaco* but do not apply in the case at bar.

{¶ 62} Although the majority effectively overrules *Climaco*, it fails without explanation to acknowledge that action or to undertake this court's established analysis for overruling prior cases. See *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256.[4]

{¶ 63} *Climaco* has been in place for over a decade and establishes a clear and workable standard for determining the duration within which a crime may be prosecuted consistent with the criminal statute of limitations. In contrast, under today's holding, the commencement of the running of the statute of limitations in future criminal cases will be murky at best. In any circumstance where a prosecutor chooses to charge an individual with a misdemeanor after two years (or a felony after six years) from the date of the commission of the offense, the prosecutor will be able to extend the statute by asserting that no one knew about the crime until some later time — regardless of whether discovery of the corpus delicti would have occurred with the exercise of due investigatory diligence by the state. Moreover, the majority sheds no light on the quite foreseeable issue as to whether today's decision, which represents a major change to Ohio's law,

---

4. While I have concerns about the wisdom, feasibility, and continued viability of the *Galatis* test for overruling cases, that test continues to be recognized in principle by a majority of this court. See, e.g., *Ohio Apt. Assn. v. Levin*, 127 Ohio St.3d 76, 2010-Ohio-4414, 936 N.E.2d 919. Both Justices Pfeifer and Lanzinger have observed that *Galatis* has produced decisions in which the court strains to limit or distinguish earlier cases rather than simply to overrule them. See *State ex rel. Shelly Materials, Inc. v. Clark Cty. Bd. of Commrs.*, 115 Ohio St.3d 337, 348, 2007-Ohio-5022, 875 N.E.2d 59 (Pfeifer, J., dissenting); *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 231, 2008-Ohio-546, 883 N.E.2d 377 (Lanzinger, J., concurring). It is difficult to disagree with their conclusion that *Galatis* establishes a "hopelessly random and formulaic approach to overruling precedent." Id. at ¶ 222. In my view, the law is unclear about when *Galatis* applies. If the price of continued adherence to *Galatis* in some cases is the issuance of opinions that are neither forthright nor clear, then *Galatis* should itself be reconsidered.

should be applied retroactively to extend the statute of limitations as to offenses that have already been committed.

**{¶ 64}** If *Climaco* misconstrued the legislative intent underlying R.C. 2901.13, a statute that concededly is rife with ambiguity, the General Assembly has had ample time to correct the *Climaco* interpretation of the criminal statute of limitations. In fact, in 2008 the 127th General Assembly did change R.C. 2901.13 in response to *Climaco* — but only "with respect to the running of the criminal statute of limitations *for certain offenses having a direct relation to certain public servants,* whether or not the discovery of the corpus delicti of those offenses occurs within or outside of the otherwise generally applicable period of limitation for criminal prosecution under section 2901.13 of the Revised Code." (Emphasis added.) Section 3 of 2008 S.B. No. 219. The logical conclusion follows that the General Assembly concurred, or at least acquiesced, in the *Climaco* interpretation of the statute as to crimes not specifically identified in the statutory amendment.

**{¶ 65}** The majority holds, and I agree, that subsection (B) of R.C. 2901.13 does not apply to the case at bar. R.C. 2901.13(B) provides that when fraud is an element of the offense, as in the case at bar, and *if the standard period of limitation has expired*, prosecution may be commenced within one year after discovery of the offense by an aggrieved person. Thus, had aggrieved individuals first discovered *after* July 12, 2007, that the date on the recorded deed was fraudulent, the state could have initiated prosecution within an additional year from the date of discovery. Because, however, church members discovered the relevant facts within the "standard period of limitation," i.e., in February or March 2004, the extension of time provided by R.C. 2901.13(B) is not available to the state.

**{¶ 66}** But the majority's interpretation of R.C. 2901.13(B) is nevertheless troubling. The majority states that "when an offense involving an element of fraud or breach of fiduciary duty is committed against multiple parties, who may not

18

even know each other, the offense may be discovered by some of the aggrieved parties, but remain concealed to others. To the aggrieved party or parties who only later discover the offense, R.C. 2901.13(B)(1) provides the state one additional year in which to file charges against the defendant even if the statute of limitations from the initial discovery has expired." Majority opinion at ¶ 48. The majority illustrates its interpretation by providing the following example: "if victim A discovers a felony offense involving fraud, the state has six years from the date of victim A's discovery to file charges pursuant to R.C. 2901.13(F). However, if victim B discovers the corpus delicti of the same felony offense one day after the statute of limitations has run as to victim A, R.C. 2901.13(B)(1) provides the state one additional year from the date of victim B's discovery of the offense within which to file charges." Id. at ¶ 49.

{¶ 67} Presumably, under the majority's reasoning, if victims C, D, and E also existed, the state could extend the statute of limitations for an additional one-year period after each of those victims discovered the corpus delicti – even if that discovery occurred many, many years after victim A's and victim B's discoveries. If the majority does not intend this result, it should say so. Even accepting arguendo the majority's view that the statute of limitations does not begin to run until some individual discovers the corpus delicti (and that individual might be a law-enforcement official rather than an aggrieved party), I believe that R.C. 2901.13(B) could produce only a single one-year extension, which would commence at the time of the first discovery by an individual aggrieved by fraud and only where that discovery occurs after the standard period of limitations has expired.

{¶ 68} In my view, correct application of the criminal statute of limitations as interpreted in *Climaco* bars Cook's further prosecution. The analysis should begin with the general rule established in R.C. 2901.13(A). Because the state charged Cook with the felony offense of tampering with public records, the

prescribed limitation period for prosecution is six years. Under the state's theory of the case, the charged criminal offense was committed on July 12, 2001, when Cook filed the misdated deed with the county recorder's office. Thus, applying the six-year felony statute from the date of the commission of the offense, prosecution was barred after July 12, 2007, unless one of the exceptions to the general rule of R.C. 2901.13(A) applies. R. C. 2901.13(B) does not apply in this case, as discovery by persons allegedly aggrieved by Cook's fraud occurred within the general six-year limitations period – not after "the period of limitation provided in division (A)(1) or (3) of this section [had] expired." R.C. 2901.13(B). The state does not suggest that any other exception to the general six-year rule applies. Cook was not charged until July 17, 2007 – six days after expiration of the limitations period. As the trial court correctly recognized, Cook's prosecution was thus time-barred. Because the majority concludes otherwise, I dissent.

_____

**PFEIFER, J., dissenting.**

{¶ 69} I dissent from the majority opinion and join Chief Justice Brown's dissent but for one point: this court has never held applicable to a criminal case the analysis for overturning precedent imposed by a majority of this court in *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256. For example, recently in *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, this court overruled *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, and overruled in part *State v. Colon*, 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169, with nary a mention of *Galatis*.

_____

Julia R. Bates, Lucas County Prosecuting Attorney, and Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

John F. Potts, for appellant.

Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Brandon J. Lester, Deputy Solicitor, and Robert Kenneth James, Assistant Solicitor, urging affirmance for amicus curiae Ohio Attorney General.

Timothy Young, Ohio Public Defender, and Peter Galyardt, Assistant Public Defender, urging reversal for amicus curiae Ohio Public Defender.

_____