[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 131.]

THE STATE OF OHIO, APPELLANT, *v.* SWARTZ, APPELLEE.

[Cite as *State v. Swartz*, 2000-Ohio-277.]

*Nuisances—Limitation of criminal prosecution—Where one creates a "nuisance"*
*as defined in R.C. 3767.13(C), the nuisance constitutes a continuing*
*course of conduct tolling the limitations period pursuant to R.C.*
*2901.13(D), when.*

Where one creates a nuisance as defined in R.C. 3767.13(C) and permits it to
remain, so long as it remains, and is within the control of the actor, the
nuisance constitutes a continuing course of conduct tolling the limitations
period pursuant to R.C. 2901.13(D).

(No. 98-2598–Submitted October 13, 1999 at the Pickaway County Session–
Decided March 1, 2000.)

APPEAL from the Court of Appeals for Butler County, No. CA98-06-120.

_____

{¶ 1} In the summer of 1992, George Swartz, defendant-appellee, allegedly
erected a concrete bridge with a twenty-four-inch culvert over a stream that runs
both through his property and his neighbor's, Michael Cory. With each heavy water
flow, the bridge and culvert, about one hundred feet downstream from Cory's
property, allegedly catches debris, resulting in backup of water and ponding on
Cory's property. Cory filed a complaint on March 9, 1998, alleging that Swartz
had obstructed and impeded the passage of the stream and that this caused continual
damage to Cory's property. Cory averred that the backup of water over the top of
the drains for his home caused the drains not to function properly and also raised
the water table around the footer of his home, causing damage to the underground
furnace ducts. Based upon Cory's complaint, the state charged defendant with
violating R.C. 3767.13(C), unlawfully obstructing or impeding the passage of a

navigable river, harbor, or collection of water, or corrupting or rendering unwholesome or impure, a watercourse, stream, or water, or unlawfully diverting a watercourse from its natural course or state to the injury or prejudice of others.

**{¶ 2}** Defendant filed a motion to dismiss on the basis that the complaint on its face was barred by the statute of limitations under R.C. 2901.13(A)(2) (now 2901.13[A][1][b]) because more than two years had passed since any activity or since the supposed obstruction occurred. The trial court granted the motion to dismiss on May 19, 1998. The state appealed the dismissal, and the Butler County Court of Appeals affirmed.

**{¶ 3}** This cause is now before this court upon the allowance of a discretionary appeal.

———————————

*John F. Holcomb*, Butler County Prosecuting Attorney, and *Scott N. Blauvelt*, Assistant Prosecuting Attorney, for appellant.

*Holbrock & Jonson* and *Timothy R. Evans*, for appellee.

———————————

**LUNDBERG STRATTON, J.**

**{¶ 4}** Today we are asked to determine whether the statute of limitations in R.C. 2901.13(A)(1)(b) barred defendant's prosecution for nuisance pursuant to R.C. 3767.13(C). For the reasons that follow, we find that it did not. Accordingly, we reverse the judgment of the court of appeals.

**{¶ 5}** "The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past."

*Toussie v. United States* (1970), 397 U.S. 112, 114-115, 90 S.Ct. 858, 860, 25 L.Ed.2d 156, 161.

{¶ 6} This court reaffirmed these principles recently when we held that "the intent of R.C. 2901.13 is to discourage inefficient or dilatory law enforcement rather than to give offenders the chance to avoid criminal responsibility for their conduct." *State v. Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A.* (1999), 85 Ohio St.3d 582, 586, 709 N.E.2d 1192, 1195, citing *State v. Hensley* (1991), 59 Ohio St.3d 136, 138, 571 N.E.2d 711, 714. However, R.C. 2901.04(A) dictates that "[s]ections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."

{¶ 7} Generally, statutes of limitations begin to run when the crime is complete. *Toussie*, 397 U.S. at 115, 90 S.Ct. at 860, 25 L.Ed.2d at 161. In Ohio, R.C. 2901.13 sets forth the various limitations periods for criminal prosecutions. It states:

"(A)(1) * * * [A] prosecution shall be barred unless it is commenced within the following periods after an offense is committed:

" * * *

"(b) For a misdemeanor other than a minor misdemeanor, two years;

" * * *

"(D) An offense is committed when every element of the offense occurs. In the case of an offense of which an element is a *continuing course of conduct*, the period of limitation does not begin to run until such course of conduct or the accused's accountability for it terminates, whichever occurs first." (Emphasis added.)

{¶ 8} On appeal, the state acknowledged that the two-year limitations period set forth in R.C. 2901.13(A)(1)(b) applies, but claimed that Cory's damage is ongoing and that a new offense occurs each time the damage caused by the flooding repeats. The court of appeals disagreed and, instead, concluded that the

damage to Cory's property occurred when defendant first built the bridge and culvert. Thus, the court of appeals held that the tortious act was completed when the bridge and culvert were built, or at the least in 1995, when Cory testified that he first tried to find out why the water was backing up and he contacted the county engineer. We disagree.

{¶ 9} In 1885, this court set forth the law of continuing trespass and nuisance in civil actions in *Valley Ry. Co. v. Franz* (1885), 43 Ohio St. 623, 4 N.E. 88. In 1874, the Valley Railway constructed a dam and an artificial channel on its own land in order to divert a river from its natural channel. This dam and channel were across the river from plaintiff's land, and the diverted water eventually damaged plaintiff's land. The plaintiff filed a complaint in 1881.

{¶ 10} The court, in determining that the cause of action was not barred by the four-year statute of limitations, held that "when the owner of land rightly and lawfully does an act entirely on his own land, and by means of such act puts in action, or directs a force against, or upon, or that affects another's land, without such other's consent or permission, such owner and actor is liable to such other for the damages thereby so caused the latter, and at once a cause of action accrues for such damages; and *such force, if so continued, is continued by the act of such owner and actor, and it may be regarded as a continuing trespass or nuisance.*" (Emphasis added.) *Id.*, 43 Ohio St. at 627, 4 N.E. at 91. Although *Franz* involved a civil action, the language there is instructive as to the nature of an act of nuisance that is under the control of the actor and continues to cause damage.

{¶ 11} In a similar case, a plaintiff and defendant were adjoining landowners, each owning a series of row houses connected by a common brick wall. *Boll v. Griffith* (1987), 41 Ohio App.3d 356, 535 N.E.2d 1375. In 1978, the defendant hired a third party to raze the row houses on his parcel. More than four years later, the plaintiff filed a civil complaint alleging that after the defendant removed the structures from the other side of the party wall, remnants of the razed

4

structures remained attached to the common wall, and their weight gradually damaged the wall. The trial court dismissed the complaint, finding that the claims were time-barred under R.C. 2305.09(D). However, the court of appeals reversed and remanded, holding that the claim was a continuing trespass, even though the defendant's last act preceded the lawsuit by more than four years, the relevant limitations period for that tort, and even though the defendant had sold the property in the interim. The court of appeals also reinstated the plaintiff's action against the new owner who had allowed the condition to continue to exist. *Id.*, 41 Ohio App.3d at 358, 535 N.E.2d at 1377.

{¶ 12} Likewise, the Kansas Supreme Court considered this issue in 1876, and held that "[t]here are cases in which the original act is considered as a continuing act, and daily giving rise to a new cause of action. Where one creates a nuisance, and permits it to remain, so long as it remains it is treated as a continuing wrong, and giving rise, over and over again, to causes of action. But the principle upon which one is charged as a continuing wrongdoer is, that he has a legal right, and is under a legal duty, to terminate the cause of the injury." *Kansas Pacific Ry. Co. v. Mihlman* (1876), 17 Kan. 224, 231.

{¶ 13} The analysis in the above-cited cases, although involving civil causes of action, leads us to conclude that a continuing nuisance can constitute a continuing course of conduct, thus tolling the limitations period pursuant to R.C. 2901.13(D). However, unlike in civil cases, R.C. 2901.13(D) requires that in the case of a continuing course of conduct, the limitations period does not begin to run until the course of conduct, "or the accused's accountability for it," terminates, whichever occurs first. If the course of conduct remains under the control of the accused, the statute of limitations does not begin to run.

{¶ 14} In this case, Cory's complaint alleges that defendant's bridge and culvert caught debris in every heavy downpour, resulting in a backup of water and repeated flooding of Cory's property. The court of appeals held that the damage to

Cory's property occurred when defendant built the bridge and culvert. Yet, the continuing existence of the bridge and culvert created a recurring condition of flooding. The statute refers to both the action (of obstructing, impeding, diverting the watercourse) and the damage (injury or prejudice of others). For the period of time that these damages continued to occur, defendant allegedly continued to maintain control over the bridge and culvert and allegedly continued to allow the bridge and culvert to cause damage to Cory's property.

{¶ 15} Therefore, where one creates a nuisance as defined in R.C. 3767.13(C) and permits it to remain, so long as it remains, and is within the control of the actor, the nuisance constitutes a continuing course of conduct tolling the limitations period pursuant to R.C. 2901.13(D). Thus, because the defendant permitted the nuisance to remain despite the plaintiff's repeated requests to abate, the period of limitations did not begin to run until the continuing course of conduct or the accused's accountability for it terminated. R.C. 2901.13(D).

{¶ 16} We must caution the parties that we are not determining whether the defendant has created a nuisance as defined in R.C. 3767.13(C), nor are we judging the lawfulness of defendant's actions in general. We are merely holding that due to the continuing nature of the damage alleged, the case is not time-barred by the statute of limitations as set forth in R.C. 2901.13(A)(1)(b). R.C. 3767.13(C) also requires that the conduct be "unlawful," a finding that the trial court specifically did not make because its finding on the statute of limitations disposed of the case.

{¶ 17} Accordingly, we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER and COOK, JJ., dissent.

---

**PFEIFER, J., dissenting.**

**{¶ 18}** I dissent for three reasons: (1) the injury in this case is the neighboring property's susceptibility to flooding, rather than each individual flood; (2) the construction of a bridge does not constitute "a continuing course of conduct" that tolls the statute of limitations for misdemeanors; and (3) the majority's reliance on civil nuisance cases to support its finding of a continuing course of criminal conduct is misplaced.

**{¶ 19}** The statute at issue states that "[n]o person shall unlawfully obstruct or impede the passage of a navigable river, harbor, or collection of water * * * to the injury or prejudice of others." R.C. 3767.13(C). The injury to another is a key aspect of the statute. The majority writes that every time a flood occurred, the complainant, Cory, was injured anew. I disagree. The injury was not the flooded yard—if that were the case, the cause of action would dry up with the water. The injury to Cory was that his property became susceptible to flooding. That situation existed since 1992 when the bridge was built. Cory knew the cause of his occasional flooding, at the very latest, in 1995, when a county engineer told Cory that Swartz's culvert was to blame. Despite his knowledge of his injury and its cause, Cory did not file a complaint with authorities until over two years had passed.

**{¶ 20}** I reject the notion that each time Cory's property flooded constituted a continuing course of conduct by Swartz. Swartz's conduct ended when he completed work on his bridge and culvert in 1992. An example of a continuing course of conduct in a nuisance-related crime would be the continual piping of pollutants into a stream. The statute of limitations would toll for as long as the sludge was being dumped into the waterway. Active participation by the defendant would be a part of that course of conduct—the defendant would have control over the flow of pollutants.

**{¶ 21}** Swartz does not control the rain.  The periodic flooding that occurs on his neighbor's property has nothing to do with a continued activity that he controls.  It's the result of how water reacts to an act he perpetrated six years earlier.  Mother Nature did engage in a continuing course of conduct—but she apparently ducked her subpoena.

**{¶ 22}** The passive act of having a bridge on one's property does not constitute "conduct."  The majority concludes that it *is* conduct based upon citations to civil nuisance cases.  This is a criminal case.  A violation of R.C. 3767.13(C) is a third-degree misdemeanor, see R.C. 3767.99(C), with penalties that could include sixty days in jail and a $500 fine.  See R.C. 2929.21(B)(3) and (C)(3).  This is not a civil action between neighbors over who should have to pay for a leaking basement.  This case is about whether Mr. Swartz committed a crime.  Under the majority's reasoning, since a person can be found liable in a wrongful death case based on a preponderance of the evidence, that standard should be good enough in a capital murder case.

**{¶ 23}** Swartz may ultimately have to pay the piper for his blocked culvert.  But that resolution should occur in a civil lawsuit, with damages paid to Cory.  In that context, the cases cited by the majority would have meaning.  Cory still has the opportunity to be compensated for any damages he suffered.  But the state's opportunity for criminal prosecution is water under the bridge.

COOK, J., concurs in the foregoing dissenting opinion.

_____