Brown, C.J.,
dissenting.
{¶ 53} Citing a case decided by this court in 2000, the majority acknowledges the general rule that “statutes of limitations begin to run when the crime is complete.” State v. Swartz (2000), 88 Ohio St.3d 131, 133, 723 N.E.2d 1084. Similarly, the majority acknowledges R.C. 2901.13(A)(1), which codifies the general rule that criminal prosecutions must be initiated within certain prescribed time frames after an offense is committed, i.e., six years for felonies and two years for misdemeanors.[1]
{¶ 54} The majority today nevertheless holds that R.C. 2901.13(F) is the starting point for determining when the criminal statute of limitations begins to run. It concludes, “R.C. 2901.13(F) tolls the statute of limitations for all criminal offenses, including offenses involving an element of fraud, from the date the offense is committed until the corpus delicti of that offense is discovered.” (Emphasis sic.) As a result, in future cases, subsection (F) of R.C. 2901.13, rather than subsection (A), will determine the time at which the criminal statute of limitations commences. I dissent.
{¶ 55} Today’s holding directly contradicts established precedent. In 1999, this court expressly rejected the premise today adopted by the majority, as follows:
*130 {¶ 56} “[T]o construe subsection (F) as controlling would render subsection (A)(2)[2] meaningless^] that is, a prosecution for a misdemeanor offense would be barred if it were not commenced within two years after the offense was committed. Subsection (A) is of no consequence if subsection (F) controls all circumstances, including situations, such as here, in which discovery occurs within the statutory period. The two-year period for misdemeanors would begin only on discovery of the offense, regardless of the date of the commission of the offense. Had the General Assembly intended this, it would have required that prosecution be initiated within two years after an offense is discovered instead of within two years after an offense is committed. The language ‘except as otherwise provided’ contained within subsection (A) clearly does not contemplate such an expansive reading of the statute.” State v. Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A. (1999), 85 Ohio St.3d 582, 587-588, 709 N.E.2d 1192.
{¶ 57} The majority attempts to distinguish Climaco from the case at bar, stating that in Cook, “unlike in Climaco, there was no media spotlight or report to alert the authorities or parties to investigate.” It concludes that this distinction renders Climaco inapplicable, because “the policy reasons supporting Clima-co do not exist here.” The majority therefore “limit[s Climaco] to its facts.”
{¶ 58} I fear that the apt observation of Judge Patrick J. Schütz applies here: “To assert that an opinion of an appellate court has been limited to its facts is usually a polite way of saying ‘implicitly overruled.’ ” Bacon v. Hennepin Cty. Med. Ctr. (Dec. 11, 2007), D.Minn. No. 06-CV-2359, 2007 WL 4373104, *9.
{¶ 59} Initially, I observe that the facts of Climaco and the facts in Cook are more similar than dissimilar in that, in each case, the prosecutors were aware of the underlying circumstances well before expiration of the general statutes of limitations. In the case at bar, the church members allegedly harmed by Cook’s actions knew in early 2004 enough facts to create a suspicion that Cook had backdated the deed prior to presenting it for filing at the county recorder’s office. This discovery occurred fully three years before the July 12, 2007 expiration of the six-year period following Cook’s alleged commission of the felony offense of tampering with public records.[3] In addition, the prosecutor was on notice of the *131 facts at least as early as October 2006, well before July 12, 2007, the date of expiration of the general six-year statute of limitations. On April 18, 2005, the Toledo Bar Association filed a disciplinary grievance against Cook and in October 2006 formally reported to the prosecutor its findings of probable cause of a disciplinary violation based in part on Cook’s backdating of the first deed.
{¶ 60} It is a distinction without a difference that the prosecutors’ awareness of potentially criminal conduct was based on media attention in Climaco and on express notification by the Toledo Bar Association in Cook. In both cases, the prosecutors knew within the general limitations period of the underlying facts, yet failed to timely investigate and prosecute.
{¶ 61} But more significantly, the court in Climaco considered and expressly rejected the premise adopted today, recognizing, “[I]f we were to apply subsection (F) * * * [to afford the state] two years from the discovery of the offense to begin prosecution, the purposes and principles governing criminal statutes of limitations would be defeated.” Id., 85 Ohio St.3d at 587, 709 N.E.2d 1192. Those principles were identified in Climaco as including (1) protecting individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and minimizing the danger of official punishment because of acts in the far-distant past and (2) encouraging law-enforcement officials to promptly investigate suspected criminal activity. See also 1974 Committee Comment to Am.Sub.H.B. No. 511 (“the basic thrust of [R.C. 2901.13] is to discourage inefficient or dilatory law enforcement rather than to give offenders the chance to avoid criminal responsibility for their conduct. * * * The rationale for limiting criminal prosecutions is that they should be based on reasonably fresh, and therefore more trustworthy evidence”). The majority opinion fails to explain why these principles applied in Climaco but do not apply in the case at bar.
{¶ 62} Although the majority effectively overrules Climaco, it fails without explanation to acknowledge that action or to undertake this court’s established analysis for overruling prior cases. See Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256.[4]
*132 {¶ 63} Climaco has been in place for over a decade and establishes a clear and workable standard for determining the duration within which a crime may be prosecuted consistent with the criminal statute of limitations. In contrast, under today’s holding, the commencement of the running of the statute of limitations in future criminal cases will be murky at best. In any circumstance where a prosecutor chooses to charge an individual with a misdemeanor after two years (or a felony after six years) from the date of the commission of the offense, the prosecutor will be able to extend the statute by asserting that no one knew about the crime until some later time' — regardless of whether discovery of the corpus delicti would have occurred with the exercise of due investigatory diligence by the state. Moreover, the majority sheds no light on the quite foreseeable issue as to whether today’s decision, which represents a major change to Ohio’s law, should be applied retroactively to extend the statute of limitations as to offenses that have already been committed.
{¶ 64} If Climaco misconstrued the legislative intent underlying R.C. 2901.13, a statute that concededly is rife with ambiguity, the General Assembly has had ample time to correct the Climaco interpretation of the criminal statute of limitations. In fact, in 2008 the 127th General Assembly did change R.C. 2901.13 in response to Climaco — but only “with respect to the running of the criminal statute of limitations for certain offenses having a direct relation to certain public servants, whether or not the discovery of the corpus delicti of those offenses occurs within or outside of the otherwise generally applicable period of limitation for criminal prosecution under section 2901.13 of the Revised Code.” (Emphasis added.) Section 3 of 2008 S.B. No. 219. The logical conclusion follows that the General Assembly concurred, or at least acquiesced, in the Climaco interpretation of the statute as to crimes not specifically identified in the statutory amendment.
{¶ 65} The majority holds, and I agree, that subsection (B) of R.C. 2901.13 does not apply to the case at bar. R.C. 2901.13(B) provides that when fraud is an element of the offense, as in the case at bar, and if the standard period of limitation has expired, prosecution may be commenced within one year after *133 discovery of the offense by an aggrieved person. Thus, had aggrieved individuals first discovered after July 12, 2007, that the date on the recorded deed was fraudulent, the state could have initiated prosecution within an additional year from the date of discovery. Because, however, church members discovered the relevant facts within the “standard period of limitation,” i.e., in February or March 2004, the extension of time provided by R.C. 2901.13(B) is not available to the state.
{¶ 66} But the majority’s interpretation of R.C. 2901.13(B) is nevertheless troubling. The majority states that “when an offense involving an element of fraud or breach of fiduciary duty is committed against multiple parties, who may not even know each other, the offense may be discovered by some of the aggrieved parties, but remain concealed to others. To the aggrieved party or parties who only later discover the offense, R.C. 2901.13(B)(1) provides the state one additional year in which to file charges against the defendant even if the statute of limitations from the initial discovery has expired.” Majority opinion at ¶ 48. The majority illustrates its interpretation by providing the following example: “if victim A discovers a felony offense involving fraud, the state has six years from the date of victim A’s discovery to file charges pursuant to R.C. 2901.13(F). However, if victim B discovers the corpus delicti of the same felony offense one day after the statute of limitations has run as to victim A, R.C. 2901.13(B)(1) provides the state one additional year from the date of victim B’s discovery of the offense within which to file charges.” Id. at ¶ 49.
{¶ 67} Presumably, under the majority’s reasoning, if victims C, D, and E also existed, the state could extend the statute of limitations for an additional one-year period after each of those victims discovered the corpus delicti — even if that discovery occurred many, many years after victim A’s and victim B’s discoveries. If the majority does not intend this result, it should say so. Even accepting arguendo the majority’s view that the statute of limitations does not begin to run until some individual discovers the corpus delicti (and that individual might be a law-enforcement official rather than an aggrieved party), I believe that R.C. 2901.13(B) could produce only a single one-year extension, which would commence at the time of the first discovery by an individual aggrieved by fraud and only where that discovery occurs after the standard period of limitations has expired.
{¶ 68} In my view, correct application of the criminal statute of limitations as interpreted in Climaco bars Cook’s further prosecution. The analysis should begin with the general rule established in R.C. 2901.13(A). Because the state charged Cook with the felony offense of tampering with public records, the prescribed limitation period for prosecution is six years. Under the state’s theory of the case, the charged criminal offense was committed on July 12, 2001, *134 when Cook filed the misdated deed with the county recorder’s office. Thus, applying the six-year felony statute from the date of the commission of the offense, prosecution was barred after July 12, 2007, unless one of the exceptions to the general rule of R.C. 2901.13(A) applies. R.C. 2901.13(B) does not apply in this case, as discovery by persons allegedly aggrieved by Cook’s fraud occurred within the general six-year limitations period — not after “the period of limitation provided in division (A)(1) or (3) of this section [had] expired.” R.C. 2901.13(B). The state does not suggest that any other exception to the general six-year rule applies. Cook was not charged until July 17, 2007 — six days after expiration of the limitations period. As the trial court correctly recognized, Cook’s prosecution was thus time-barred. Because the majority concludes otherwise, I dissent.
Julia R. Bates, Lucas County Prosecuting Attorney, and Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.
John F. Potts, for appellant.
Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Brandon J. Lester, Deputy Solicitor, and Robert Kenneth James, Assistant Solicitor, urging affirmance for amicus curiae Ohio Attorney General.
Timothy Young, Ohio Public Defender, and Peter Galyardt, Assistant Public Defender, urging reversal for amicus curiae Ohio Public Defender.

. {¶ a} R.C. 2901.13(A)(1) provides:
{¶ b} “Except as provided in division (A)(2) or (3) of this section or as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:
{¶ c} “(a) For a felony, six years;
{¶ d} “(b) For a misdemeanor other than a minor misdemeanor, two years;
{¶ e} “(c) For a minor misdemeanor, six months.” (Emphasis added.)

2. Subsection (A)(2) of the 1991 version of the statute of limitations, providing a two-year limitations period for misdemeanors other than minor misdemeanors, is now codified as R.C. 2901.13(A)(1)(b). See 134 Ohio Laws, Part II, 1866,1896.

. I am perplexed as to how the state intends to prove on remand that Cook “tampered with public records” so as to elevate her offense from a misdemeanor to a felony. R.C. 2913.42 provides that, with an exception not relevant here, tampering with private records constitutes a misdemeanor while tampering with public records, i.e., records “kept by or belonging] to a local, state, or federal governmental entity,” constitutes a felony. Cook’s alleged act of backdating the first deed occurred before the deed was in the possession of any public official. And although Cook filed subsequent *131 deeds in an attempt to “correct” the recorded chain of title, the parties do not suggest that Cook somehow altered the contents of the first deed while it was being “kept by” the county recorder after its July 12, 2001 filing. If her actions constituted merely the misdemeanor offense of tampering with private records, her conviction is time-barred even under the majority’s interpretation of the statute of limitations. The misdemeanor two-year statute of limitations would have expired in early 2006, as the church members discovered in 2004 that the deed may have been backdated. The state filed the criminal charges against Cook in 2007, after the two-year statute of limitations for prosecution of misdemeanors had expired.

. While I have concerns about the wisdom, feasibility, and continued viability of the Galatis test for overruling eases, that test continues to be recognized in principle by a majority of this court. See, *132 e.g., Ohio Apt. Assn. v. Levin, 127 Ohio St.3d 76, 2010-Ohio-4414, 936 N.E.2d 919. Both Justices Pfeifer and Lanzinger have observed that Galatis has produced decisions in which the court strains to limit or distinguish earlier cases rather than simply to overrule them. See State ex rel. Shelly Materials, Inc. v. Clark Cty. Bd. of Commrs., 115 Ohio St.3d 337, 348, 2007-Ohio-5022, 875 N.E.2d 59 (Pfeifer, J., dissenting); Groch v. Gen. Motors Corp., 117 Ohio St.3d 192, 231, 2008-Ohio-546, 883 N.E.2d 377 (Lanzinger, J., concurring). It is difficult to disagree with their conclusion that Galatis establishes a “hopelessly random and formulaic approach to overruling precedent.” Id. at 222. In my view, the law is unclear about when Galatis applies. If the price of continued adherence to Galatis in some cases is the issuance of opinions that are neither forthright nor clear, then Galatis should itself be reconsidered.