[Cite as *State v. Meadows*, 2013-Ohio-1742.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-T-0048** |
| BERRY MEADOWS, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal from the Warren Municipal Court, Case No. 2011 CRB 02364.

Judgment: Affirmed.


*Gregory V. Hicks*, Warren City Law Director, 391 Mahoning Avenue, N.W., Warren, OH 44483, and *Traci Timko Rose*, Assistant Law Director, 141 South Street, Warren, OH 44481 (For Plaintiff-Appellee).

*David L. Engler*, 100 DeBartolo Place, #315, Boardman, OH 44512 (For Defendant-Appellant).


DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Berry Meadows, appeals from the Judgment Entry of the Warren Municipal Court, finding him guilty of failing to obey an order of the Trumbull County Board of Health, in violation of R.C. 3709.21. The issues to be determined by this court are whether a statute of limitations defense is applicable when a defendant's act leading to his conviction occurred over an ongoing period of time and whether a complainant is required to testify in order to convict a defendant of failing to obey a board of health order. For the following reasons, we affirm the decision of the trial court.

{¶2}    The present case was initiated when, on October 18, 2011, Joseph D. Pink, a Sanitarian with the Trumbull County Board of Health, filed a Complaint against Meadows, asserting that "on or about August 8, 2011," Meadows "[d]id lawfully fail to obey a lawful order of the Trumbull County General Health District Board of Health, in violation of Ohio Revised Code section 3709.21." Following this Complaint, a trial to the court was held, on April 25, 2012. The following testimony was presented, describing the events that led to the filing of the Complaint in this matter.

{¶3}    Frank Migliozzi, Environmental Director of the Trumbull County Board of Health, testified that on February 22, 2006, his office received a request from a realtor to have the sewage system at 4938 Choctaw Avenue in Warren, Ohio, evaluated. The system was evaluated by Pink on March 22, 2006, and was disapproved since, according to a letter written by Pink, the "system is creating a public health nuisance or is in violation of Chapter 3701-2901 to 3701-2921, Household Sewage Disposal System of the Administrative Code."

{¶4}    On April 26, 2006, Berry Meadows, of Meadows Property Management, LLC, and the owner of the Choctaw property, filed an application to alter or replace the sewage system. In response, a permit was issued on November 30, 2006, to allow such work. This permit was valid for one year. However, no action was taken by Meadows to install a new system within that year. On November 28, 2007, Meadows filed a request for a six month extension on the permit, which was granted. On May 30, 2008, another extension was granted but no installation or repair to the sewage system occurred.

2

{¶5}   On August 21, 2008, another Board of Health Sanitarian, Rodney Hedge, sent a "letter to proceed" to Meadows Property Management, which informed Meadows that administrative action would be taken if the sewage system violation was not corrected within 30 days.

{¶6}   On September 18, 2008, Meadows submitted a detailed plot plan to the Board of Health, which Migliozzi testified was a customary procedure prior to the installation of a new sewage system.  After a period of inaction, on June 25, 2010, a second 30 day letter to proceed was issued.  On August 4, 2010, a letter was issued to Meadows, informing him that the matter of his failure to install a proper sewage system was being placed on the agenda of the August 18, 2010 Trumbull County Board of Health meeting.  After this letter was mailed, the 2008 plot plan was approved and another year-long permit was issued on August 9, 2010, for installation.

{¶7}   At the August 18, 2010 Board meeting, according to the meeting minutes, Meadows stated that he "had obtained the sewage permit and would be installing the system within the one year guidelines of the permit" issued on August 9, 2010.  The Board adopted a motion, requiring Meadows to "upgrade the septic system" and to "have the installation complete within 60 days, weather permitting."  On August 19, 2010, a letter was sent to Meadows Property Management, stating the findings and orders of the Board.

{¶8}   Migliozzi testified that as of the date of the Complaint, October 18, 2011, Meadows had not taken any action to install the sewer system and, at that time, the second permit to install had expired.  He further testified that Pink had retired and that another Sanitarian, Kristopher Wilster, was asked to inspect the sewage system as a

result of the ongoing proceedings against Meadows. Wilster inspected the property in March of 2012 and noted on his Sewage Evaluation Report that the system was "not operating properly." According to Wilster's testimony, he performed a dye test, in which he put green dye into the toilet, flushed it, and later saw the dye came out in a ditch near the 4938 Choctaw property owned by Meadows. This showed that the system was not in compliance with the law, which was also noted on the evaluation report.

{¶9} Meadows, who is also a septic system installer and service provider, testified on his own behalf. He explained that the dye test was not conclusive of whether his sewage system was working properly. He argued that the dye in the ditch could have come from other tests performed by a different individual in the area, since his property was at the low point in the neighborhood and dye could flow to the ditch from other homes.

{¶10} Following the trial, the court found Meadows guilty of failing to obey the order of the Board of Health and ordered him to pay a $100 fine and court costs.

{¶11} Meadows timely appeals and raises the following assignments of error:[1]

{¶12} "[1.] The court committed plain error and the prosecutor had a duty to dismiss, when they failed to dismiss the matter for a violation of the statute of limitations imposed by O.R.C. 2901.13(A)(2) or (3)…A prosecution shall be barred unless it is commenced within the following periods after an offense is committed[:] for a minor misdemeanor, six months.

{¶13} "[2.] The court further committed plain error by violating the Confrontation Clause of the United States Constitution, Article IV and the Ohio State Constitution,

---

1. The State did not file an appellee's brief.

4

Article I, when the court allowed the State to proceed with prosecution of the appellant without the complaining witness."

{¶14} In his first assignment of error, Meadows argues that the trial court committed plain error when it did not dismiss the charge against him based on the State's failure to prosecute the action within the statute of limitations. He asserts that the action in the present matter was based upon his failure to comply with the Board order that required him to bring his property up to code within sixty days, by October 18, 2010, but the Complaint was not filed until August 8, 2011. He argues that since the charge was a minor misdemeanor, the statute of limitations was six months, and the complaint should have been filed by April 18, 2011.

{¶15} We initially note that the statute of limitations argument was not raised in the trial court and no motion was filed by Meadows to dismiss the charge on this ground. Various appellate districts have held that the failure to file a motion to dismiss charges based on a violation of the statute of limitations constitutes waiver of this argument. *State v. Jackson*, 2nd Dist. Nos. 2008 CA 30 and 2008 CA 31, 2009-Ohio-1773, ¶ 5, citing Crim.R. 12(H) ("[f]ailure by the defendant to raise defenses or objections or to make requests that must be made prior to trial * * * shall constitute waiver of the defenses or objections"); *State v. Grant*, 12th Dist. No. CA2003-05-114, 2004-Ohio-2810, ¶ 9 ("[f]ailure to file a motion to dismiss * * * waives the statute of limitations defense"); *State v. Shipley*, 9th Dist. No. 03CA008275, 2004-Ohio-434, ¶ 6.

{¶16} Meadows urges this court to consider the trial court's failure to dismiss the charge against him under a plain error standard, since it effected a substantial right and deprived the trial court of jurisdiction. "Plain errors or defects affecting substantial rights

5

may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." *State v. Moreland*, 50 Ohio St.3d 58, 62, 552 N.E.2d 894 (1990). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. Even when evaluating Meadows argument under the plain error analysis, however, we cannot find that the trial court erred by failing to dismiss the charge against Meadows based on the statute of limitations.

{¶17} Pursuant to R.C. 3709.21, "[t]he board of health of a general health district may make such orders and regulations as are necessary for its own government, for the public health, the prevention or restriction of disease, and the prevention, abatement, or suppression of nuisances. Such board may require that no human, animal, or household wastes from sanitary installations within the district be discharged into a storm sewer, open ditch, or watercourse without a permit therefor having been secured from the board under such terms as the board requires." This court has held that prosecution under R.C. 3709.21 is permissible when an individual fails to comply with an order of the Board of Health related to the upgrade or installation of a sewage system. *State v. Kimbel*, 11th Dist. No. 2006-T-0026, 2006-Ohio-6101, ¶ 11.

{¶18} Regarding the punishment for a violation of R.C. 3709.21, a violator "shall be fined not more than one hundred dollars or imprisoned not more than ninety days, or both," and "[n]o person shall be imprisoned for the first offense." R.C. 3709.99(A). Although the statute in question does not state the level of the offense, Meadows

6

argues that the offense is a minor misdemeanor, since the punishment is consistent with that of a minor misdemeanor and no jail time is mandated. Pursuant to R.C. 2901.13(A)(1)(c), prosecution for a minor misdemeanor "shall be barred unless it is commenced within" six months "after an offense is committed."

{¶19} In the present matter, the Board's order requiring Meadows to complete the sewage system upgrade was issued on August 18, 2010, and gave him 60 days to take such action. At the time that order was issued, Meadows had already obtained a permit from the Board of Health to install a new sewage system. This permit was obtained on August 9, 2010, and lasted one year. The Complaint in the present matter was filed on October 18, 2011, which was a year after the 60 day period in the Board order ended and also after the expiration of the one year permit.

{¶20} Meadows can cite to no authority requiring the Board of Health to file its Complaint within six months of expiration of the 60 day period in which Meadows was to complete the installation, which would have been October 18, 2010. His behavior in failing to obey the order continued through the date of the filing of the Complaint and beyond, as he continued to be in non-compliance with the Board's mandate. Pursuant to R.C. 2901.13(D), "[i]n the case of an offense of which an element is a continuing course of conduct, the period of limitation does not begin to run until such course of conduct or the accused's accountability for it terminates, whichever occurs first." In the present matter, the conduct of violating the order continued on, past the 60 day time frame and, through the date of the filing of the Complaint over a year later. The present matter is comparable to other types of continuing courses of conduct, since Meadows allowed the problem that led to the violation of the order to remain. *See State v. Swartz*,

7

88 Ohio St.3d 131, 135, 723 N.E.2d 1084 (2000) ("where one creates a nuisance * * * and permits it to remain, so long as it remains, and is within the control of the actor, the nuisance constitutes a continuing course of conduct tolling the limitations period pursuant to R.C. 2901.13(D)"). The continuing nature of the violation in the present matter, not being in compliance with the requirement to have a proper sewage system installed, tolls the statute of limitations. Therefore, we cannot find that it was a violation of the statute of limitations to file the Complaint on October 18, 2011.

{¶21} Further, it appears that the Board may have been lenient in seeking prosecution of Meadows under the order because it waited until the one year permit allowing installation of the new sewage system expired. As has been explained by the Ohio Supreme Court, "the purpose of a statute of limitations is 'to discourage inefficient or dilatory law enforcement.'" (Citation omitted.) *State v. Bess*, 126 Ohio St.3d 350, 2010-Ohio-3292, 933 N.E.2d 1076, ¶ 25, citing *State v. Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A.*, 85 Ohio St.3d 582, 586, 709 N.E.2d 1192 (1999). In the present matter, there was no attempt by the Board to be inefficient or delay prosecution, but instead it made an attempt to ensure that Meadows was given the opportunity to rectify the problem, given that he had an existing permit to install the sewage system. Meadows cannot be permitted to avoid the charges against him when he continuously failed to remedy the problem, which he was given more than adequate opportunities to address.

{¶22} The dissent argues that the Board's order was not enforceable when issued, since Meadows had an existing permit to complete the work, and a new order should have been issued *after* the permit expired. However, there is no law provided to

8

support the conclusion that an order to complete the work in sixty days could not be issued while an existing permit was still valid. Pursuant to Ohio Adm.Code 3701-29-04(A), an installation permit provided Meadows with the authorization to perform the sewage system work, but was not a promise that he would not be ordered to perform the work in a more expeditious manner to remedy the ongoing sewage problem. *See Id.* ("[n]o person shall install or alter a household sewage disposal system without an installation permit issued to him by the board of health"). Regardless, as noted above, Meadows was given additional time, past the expiration of the permit, to comply with the order. Based on these facts, we find no support for a holding that a separate order should have issued after the expiration of the permit.

{¶23} The first assignment of error is without merit.

{¶24} In his second assignment of error, Meadows asserts that the court committed plain error by denying him the right to cross-examine his accuser, Pink, the individual who signed the Complaint, since Pink did not testify at the trial. Meadows argues that this violates the Confrontation Clause.

{¶25} We do not find a violation of the Confrontation Clause in the present matter or that Pink's failure to testify renders Meadows' conviction invalid. The Confrontation Clause "prohibits the admission or use of testimonial statements of a witness who does not appear at trial unless that witness is unavailable to testify, and the defendant has had a prior opportunity for cross-examination." (Emphasis omitted.) *State v. Ansell*, 11th Dist. No. 2008-P-0111, 2009-Ohio-4802, ¶ 38, citing *Crawford* v. *Washington,* 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Only testimonial statements "cause the declarant to be a 'witness' within the meaning of the

Confrontation Clause." *Davis v. Washington*, 547 U.S. 813, 821, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006). For purposes of the Confrontation Clause, "a testimonial statement includes one made 'under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.'" *State v. Stahl*, 111 Ohio St.3d 186, 2006-Ohio-5482, 855 N.E.2d 834, paragraph one of the syllabus.

**{¶26}** In the present matter, the Confrontation Clause issue does not appear to have been implicated and Meadows fails to show that any statements of Pink that were introduced through the testimony of Migliozzi were testimonial in nature. The only testimony regarding Pink's statements was Migliozzi's testimony that Pink sent a letter to Meadows in 2006, indicating that the sewage system was not approved and stating the reasons for disapproval, as well as the written statement in the Complaint that a violation of the Board order had occurred. The written statements made upon Pink's inspection of the property in 2006 cannot be considered testimonial, in that they had no relation to the crime with which Meadows was charged. They did not relate to whether Meadows violated the Board order, since these statements occurred in 2006, prior to the issuance of the order that was violated and that gave rise to the charge against Meadows and his conviction.

**{¶27}** To the extent that Meadows argues that Pink should have testified because he was the individual who initially filed the Complaint, Meadows cites *Ansell* for the proposition that the complaining witness must be present and available to testify. However, in that case, the complainant was required to be subject to cross-examination because specific statements made by the complainant were presented through the

10

testimony of a police officer and the complainant was the only one present who witnessed the occurrence of the crime. 2009-Ohio-4802, at ¶ 39. Such is not the case in the present matter.

{¶28} Meadows cannot show that there is any requirement under the law that a complaining witness must testify during a trial. *See State v. Helman*, 7th Dist. No. 03 CO 55, 2004-Ohio-4867, ¶ 21 (holding that there is no requirement that a complainant or victim testify at trial, since the case can be proven through other evidence and witnesses); *State v. Kaseda*, 11th Dist. No. 2012-L-002, 2012-Ohio-4652, ¶ 5 (conviction upheld when complaining witness did not testify). The limited statements of Pink were not necessary to show that Meadows violated the Board's order by failing to install a proper sewage system. Although Pink initially filed the Complaint, the conclusion that Meadows violated the law was supported by the testimony of both Wilster and Migliozzi. Wilster visited the property and was able to verify that the sewage system was not in compliance with the law and that it failed the dye test, in March of 2012, after the Board's order to install a system in compliance with the law was issued. Based on the foregoing, there was no requirement for Pink to testify and the testimony presented by the other witnesses was sufficient for the trial court to find that Meadows was in violation of R.C. 3709.21

{¶29} Finally, to the extent that Meadows argues that Wilster was not an expert qualified to testify regarding the results of the dye test, it was established by the State that Wilster was a Registered Sanitarian and Public Health Inspector, experienced in inspecting sewage and septic systems. He explained the process of conducting dye tests, which he performed as part of his job responsibilities, and the specific test he

11

conducted in the present matter. Meadows did not object to the admission of such testimony and we cannot say that it was plain error for the trial court to consider the testimony of Wilster and determine the weight to give such evidence in its decision to convict Meadows.

{¶30} The second assignment of error is without merit.

{¶31} For the foregoing reasons, the judgment of the Warren Municipal Court, finding Meadows guilty of failing to obey an order of the Trumbull County Board of Health, in violation of R.C. 3709.21, is affirmed. Costs to be taxed against appellant.

TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶32} I agree with the majority's conclusion that a statute of limitations defense is unavailable to Mr. Meadows in this case. However, he also argues under his first assignment of error that the board needed to issue a new order. I agree, and would reverse on that basis. The board brought the action for violation of its order pursuant to R.C. 3709.21. The order issued *after* the board issued Mr. Meadows a new permit.

{¶33} Regarding such permits, Ohio Adm.Code 3701-29-04(F) provides:

{¶34} "An installation permit shall remain in force until completion of the household sewage disposal system or for one year from the date of issuance,

12

whichever occurs first. The permit may be revoked or suspended by the board of health. An *operation permit shall remain in force until it expires, is revoked, or suspended by the board of health.*" (Emphasis added.)

{¶35} In this case, the board issued Mr. Meadows the new permit August 9, 2010, which would be valid for a year. At the August 18, 2010 board meeting, and by its August 19 letter, the board nevertheless ordered him to remediate the sewage problem at 4938 Choctaw Avenue within 60 days. This might be viewed, inter alia, as a revocation or suspension of the August 9, 2010 permit under Ohio Adm.Code 3701-29-04(F). Yet the board does not seem to have considered its order as such, since it waited more than a year, for the permit to expire, before filing its complaint against Mr. Meadows.

{¶36} Consequently, it appears that the order allegedly violated was not enforceable when issued. Thus, the board should have issued a new order, when the second permit expired.[2]

{¶37} Finding the first assignment of error dispositive, I would not reach Mr. Meadows' second assignment of error.

{¶38} Thus, I respectfully dissent.

---

2. I do agree with the majority's observation that Mr. Meadows' failure to remediate the situation, given the generosity of the Board in giving him time to do so, is not laudable.