[Cite as *Parma v. DeCarlo*, 2014-Ohio-2401.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100479**

## CITY OF PARMA

PLAINTIFF-APPELLEE

vs.

## ANTHONY D. DECARLO

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Parma Municipal Court
Case No. 12-CRB-06388

**BEFORE:** Celebrezze, P.J., E.T. Gallagher, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** June 5, 2014

**ATTORNEY FOR APPELLANT**

Terry H. Gilbert
Friedman & Gilbert, Attorneys at Law
55 Public Square
Suite 1055
Cleveland, Ohio   44113


**ATTORNEY FOR APPELLEE**

Thomas E. Conway
Special Prosecutor for the
City of Parma
1370 Ontario Street
Suite 2000
Cleveland, Ohio   44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Defendant-appellant, Anthony D. DeCarlo, appeals from his convictions following a no contest plea to two counts of falsification in the Parma Municipal Court. After a careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural and Factual History

{¶2} On December 2, 2009, appellant was terminated from his employment as a Parma firefighter after a random drug test proved positive for cocaine. A grievance was filed, and an arbitration hearing was conducted on August 20, 2010. At that hearing and while under oath, appellant answered questions relative to his use of cocaine while employed as a Parma firefighter. Relevant to this appeal, the following statements were made:

COUNSEL: When did you use cocaine while you were a member of the Parma Fire Department?

DECARLO: On January of '09 and again in October, which was three days, roughly before the test.

COUNSEL: Did you use cocaine on both occasions on a weekend?

DECARLO: Correct.

* * *

COUNSEL: Did you use cocaine while you were on the TEMS unit?

DECARLO: No sir, I was off the TEMS unit. It was a year and a half prior to this incident.

**{¶3}** At the time of the hearing, it is maintained that the city of Parma (the "City") had no information or evidence that the statements made by DeCarlo were anything but truthful.

**{¶4}** On April 23, 2012, Greg Baeppler, the safety director for the City, received information indicating that DeCarlo may have committed a criminal offense; namely, that he lied while under oath during the August 20, 2010 arbitration hearing. The source of the information was an anonymous letter that read as follows:

> Director Baeppler,
>
> As a concerned citizen, I was dismayed to read about Firefighter Anthony DeCarlo, who had successfully beaten the system, though he is an admitted liar and drug user. While a sympathetic court system may give you another chance, I cannot understand why he is given more than one chance to change. The Summit court system (DR-2007-07-2245) shows that in 2007 that drug addiction was the primary cause of his failed marriage, and in fact, a recording of the proceedings, with his spouse under oath, details the addiction and subsequent rehabilitation he had to perform.
>
> Mr. DeCarlo's history of addiction and rehab show a continuous and constant weakness for illegal drugs. The recording is on file with the Summit County Courts.

**{¶5}** On receiving this information, the safety director took steps to have the matter investigated. Thereafter, police investigators learned that, contrary to his testimony at the August 20, 2010 arbitration hearing, appellant testified during an August 17, 2007 domestic relations court hearing that he had used cocaine while working as a member of the TEMS unit in March 2007.

**{¶6}** On July 31, 2012, a special prosecutor was hired by the City to determine whether probable cause existed to charge DeCarlo with a criminal offense. On August

13, 2012, appellant was cited in Parma M.C. No. 12-CRB-04125 with two counts of falsification in violation of section 606.10(a)(1) of the Parma Codified Ordinances for allegedly making false statements during the August 20, 2010 arbitration hearing

{¶7} On August 16, 2012, appellant entered pleas of not guilty. On October 17, 2012, appellant filed a motion to dismiss arguing that the complaints were defective and vague. The City responded by dismissing case No. 12-CRB-04125 without prejudice on December 17, 2012, and recharging appellant with two counts of falsification in Parma M.C. No. 12-CRB-06388 on the same day.

{¶8} On February 11, 2013, appellant argued that the amended complaints should be dismissed because they were brought after the two-year statute of limitations period prescribed by R.C. 2901.13(A)(1)(b). The trial court disagreed, finding that pursuant to R.C. 2901.13(F), the two-year statute of limitations did not begin running until April 23, 2012, the date City officials were first provided with information that appellant may have made false statements while under oath.

{¶9} On September 9, 2013, appellant pled no contest to the falsification charges and was found guilty by the trial court. At sentencing, the trial court imposed a $200 fine and sentenced appellant to 180 days in jail for each falsification charge. However, the court suspended his jail time and placed appellant on community control for one year.

{¶10} Appellant now brings this timely appeal, raising one assignment of error for review.

## II. Law and Analysis

**{¶11}** In his sole assignment of error, appellant argues that "the trial court erred by denying [his] motion to dismiss based on the expiration of the statute of limitations."

**{¶12}** "Generally, statutes of limitations begin to run when the crime is complete." *State v. Swartz*, 88 Ohio St.3d 131, 133, 723 N.E.2d 1084 (2000), citing *Toussie v. United States*, 397 U.S. 112, 115, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970). Therefore, unless charges are commenced against the accused prior to the expiration of the limitation period, the state is barred from prosecuting the accused. R.C. 2901.13(A)(1).

**{¶13}** In the instant matter, appellant was charged with two misdemeanor counts of falsification. Pursuant to R.C. 2901.13(A)(1)(b), a prosecution on misdemeanor charges is barred unless it is commenced within two years after the offense was committed. Thus, appellant contends that because the alleged acts of falsification occurred on August 20, 2010, the applicable statute of limitations period expired on August 20, 2012, well before the City filed its amended complaints on December 17, 2012.

**{¶14}** However, "the General Assembly has afforded the state certain statutory exceptions to the absolute bar, and has done so in the form of specialized rules and tolling provisions." *State v. Hensley*, 59 Ohio St.3d 136, 137, 571 N.E.2d 711 (1991). One of these exceptions is the tolling provision found in R.C. 2901.13(F), which provides that the "period of limitation shall not run during any time when the corpus delicti remains undiscovered." The language in R.C. 2901.13(F) is unequivocal and contains no

exception, qualification, or limitation regarding the offense to which it applies. *See Hensley* at 137.

{¶15} The Supreme Court of Ohio has stated that the "corpus delicti" of a crime is "the body or substance of the crime and usually [has] two elements: (1) the act itself and (2) the criminal agency of the act." *Hensley* at 138, citing *State v. Black*, 54 Ohio St.2d 304, 307, 376 N.E.2d 948 (1978).

{¶16} In the case at hand, the trial court determined that because the criminal nature, or the corpus delicti, of appellant's testimony at the arbitration hearing was not discovered until April 23, 2012, the tolling provision of subsection (F) applied, and therefore the City had until April 23, 2014, to bring a valid complaint.

{¶17} In challenging the trial court's application of R.C. 2901.13(F), appellant relies on the Ohio Supreme Court's decision in *State v. Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A.*, 85 Ohio St.3d 582, 709 N.E.2d 1192 (1999). In *Climaco*, the state charged a law firm with falsification (R.C. 2921.13(A)(7)) on February 1, 1996, for improperly reporting honoraria in 1993. *Id.* at 584. The law firm argued that the two-year statute of limitations for a misdemeanor offense found in R.C. 2901.13(A)(2) had expired. The state argued that R.C. 2901.13(F) applied to toll the running of the two-year statute of limitations because the criminal agency of the falsification did not surface until February 1994, and therefore the February 1, 1996 indictment was timely filed. Ultimately, the trial court denied the motion, and the appellate court affirmed.

**{¶18}** Citing *Hensley, supra*, the *Climaco* court noted that the primary purpose of criminal statutes of limitations is to limit exposure to criminal prosecution to a fixed period of time. *Id.* at 586. Additionally, it encourages law enforcement to expeditiously investigate suspected criminal activity. *Id.*

**{¶19}** The court declined to find that the tolling provision in R.C. 2901.13(F) applied, in part, because the alleged crime was reported in the newspapers in February 1994, prior to the expiration of the limitations period. *Id.* at 587. The court explained that the state had, at the latest, "everything it needed to indict" on March 22, 1994. The court generally noted that subsection (F) would render the applicable statute of limitations meaningless if it controlled in all circumstances. Notably, the court did not explain when R.C. 2901.13(F) would be applicable.[1]

**{¶20}** After due consideration, we find *Climaco* to be distinguishable from the case at hand. Unlike *Climaco*, there was no media spotlight or report to alert the authorities or parties to investigate the truthfulness of appellant's August 20, 2010 testimony. *See State v. Cook*, 128 Ohio St.3d 120, 2010-Ohio-6305, 942 N.E.2d 357, ¶ 37. Instead, the "criminal agency" of the falsification charges, i.e. the false nature of appellant's testimony, was not known until, at the earliest, April 23, 2012, when the City's safety director received an anonymous letter indicating that appellant had lied

---

[1] The dissent in *Climaco* disagreed with the court's holding in regard to R.C. 2901.13(F), stating that the majority read the governing two-year statute of limitations for misdemeanors "in isolation" and "in doing so, disregarded the clear statutory language employed by the General Assembly in R.C. 2901.13(F)." *Climaco* at 589 (Moyer, C.J., dissenting; Cook, J., concurring in dissenting opinion).

under oath about his drug use. Until the safety director received incriminating information, the City had no basis or reason to believe that appellant had made false statements under oath. Accordingly, the policy reasons supporting *Climaco* do not exist here.

**{¶21}** Moreover, there is no evidence in this case that the City delayed investigating the false nature of appellant's testimony. Once the anonymous letter was received, the matter was immediately investigated by police investigators and a special prosecutor. In turn, the police investigators and the special prosecutor discovered corroborating evidence of appellant's false testimony. In light of this information, complaints were filed against appellant on August 13, 2012, and subsequently amended complaints were filed on December 17, 2012. Under these circumstances, we hold that *Climaco* is not controlling. *See Cook* at ¶ 37 (limiting *Climaco* to its particular set of facts).

### III. Conclusion

**{¶22}** Based on the foregoing, we find that the trial court properly denied appellant's February 11, 2013 motion to dismiss. In our view, the statute of limitations did not begin to run until, at the earliest, April 23, 2012, on the discovery of the corpus delicti of the falsification charges. *See, e.g., State v. Caver*, 8th Dist. Cuyahoga No. 91443, 2009-Ohio-1272, ¶ 28. Accordingly, the City timely commenced its prosecution within the two-year statute of limitations period by filing its complaints against appellant on December 17, 2012.

**{¶23}** Appellant's sole assignment of error is overruled.

**{¶24}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MELODY J. STEWART, J., CONCUR